ANDREW J. HALE, PLAINTIFF IN ERROR, v. HERBERT R. CHRISTY ET AL., DEFENDANTS IN ERROR.

1. **Bankruptcy.** Under the provisions of the act of congress establishing an uniform system of bankruptcy throughout the United States, approved March 2, 1873, upon adjudication of bankruptcy, the appointment of an assignee, and the execution by the judge, or in cases where there is no opposing interest, the register, of an instrument of assignment, all of the estate of such bankrupt, both real and personal, including all judgments owned by him, collectible or non-collectible, except exemptions not necessary to be considered, pass to and become vested in such assignee by virtue of the adjudication in bankruptcy and the appointment of the assignee.

2. ———: PRESUMPTION. It being by the express provisions of statute made the duty of the judge, or in cases where there is no opposing interest the register, as soon as an assignee in bankruptcy is appointed and qualified by an instrument under his hand, to assign and convey to the assignee all of the estate of the bankrupt, etc., in a case where the record is silent as to the execution of such instrument, but does show that the bankrupt was subsequently discharged in bankruptcy from his debts, it will be presumed that the judge and register performed their duty, and that such instrument of assignment was executed.

ERROR to the district court for Otoe county. Tried below before CHAPMAN, J.

*M. L. Hayward* and *S. H. Calhoun,* for plaintiff in error, cited: *Glenny v. Langdon,* 89 U. S., 20. *Trimble v. Woodhead,* 102 Id., 647. *Moyer v. Dewey,* 103 Id., 301.

*Edwin F. Warren* and *O. P. Mason,* for defendants in error, cited: *McCormick v. Raymond,* 13 Neb., 307. *Smith v. Kinney,* 6 Neb., 454.

COBB, J.

On the 20th day of April, 1886, the plaintiff caused to be made and entered in the district court of Otoe county

Hale v. Christy.

a preliminary order, reciting that that day came the said
plaintiff and shows to the court here that the judgment
heretofore rendered in the action of Emil J. G. Christy
against Andrew J. Hale in said court, on the 21st day of
March, 1871, for the sum of $304.88 damages, and $17.85
costs, had become dormant by the lapse of time; that the
same had been duly assigned to Herbert R. Christy and
Alice M. Christy, and that they are the owners thereof,
and by the consideration of the court ordering that said
judgment be revived in the names of said assignees, unless
sufficient cause be shown by the defendant against such
revivor within thirty days from the service of said order
on him, and which order was, on the same day, served on
the defendant, who appeared and answered thereto; that
among other causes why said judgment should not be re-
vived were the following; First, that the plaintiffs were
not the holders and owners thereof; that the judgment
had not been duly assigned to them; nor had it become
dormant, nor was the same unpaid.    Fifth, that in the year
1873 the said Emil J. G. Christy was duly adjudged a
bankrupt in proceedings in bankruptcy in the district court
of the United States for the district of Nebraska, under an
act of congress entitled "An act to establish a uniform sys-
tem of bankruptcy throughout the United States, approved
March 2, 1867;" that George W. Covell was appointed
assignee of his estate, and subsequently A. S. Cole was
appointed sole assignee thereof; that said judgment by
virtue of said proceedings was transferred to said Covell,
and subsequently to said Cole, for the benefit of the bank-
rupt's creditors; that the assignee has never been dis-
charged; that the estate has never been settled; that the
assets were insufficient to pay the debts; that said judg-
ment if valid is the property of the assignee for the bene-
fit of creditors, of whom this defendant is one; that the
pretended assignment of the judgment to the plaintiffs,
who are the minor children of the said Emil J. G. Christy,
was without consideration and is void.

The plaintiff demurred to the first, second, fourth, and fifth specified defenses, on the ground that the same did not state sufficient facts to constitute a defense, or any valid and sufficient reason why said judgment should not be revived, which demurrer was overruled as to the first and fifth defenses, and was sustained as to the third and fourth, with leave to the plaintiffs to reply thereto.   The plaintiff's replication set up that the said Christy, assignor of the judgment, was duly discharged as a bankrupt, April 1, 1874, and that from the date of the judgment, March 21, 1871, to the death of Stephen Hale, the defendant's father, March 24, 1885, the defendant was insolvent and had no property in this state liable to execution, from which the judgment or any part of it could have been collected; that at the date of the adjudication of said Christy's bankruptcy the judgment sought to be revived was worthless, and was not scheduled as assets, because it was without value; that no property or assets of any consequence ever came to the hands of the assignee in bankruptcy, nor any into the hands of Albert S. Cole; that, therefore, the plaintiffs are the owners of said judgment, and that the same should be revived in their names.   To this replication the defendant demurred on the ground that the reply did not state facts sufficient to maintain the fifth defense, for that it was contradictory, admitting in one alternative that which it denied in another, and which, upon argument, was overruled.

The cause was thereupon tried to the court below, which found that said Emil J. G. Christy recovered the judgment for the same at the time and under all the material circumstances alleged; that the judgment had become dormant; that the judgment creditor had duly assigned the same to the plaintiffs in this action, who are now the real owners and parties in interest; that no part of the judgment had been paid, but that the same is now due to these plaintiffs, and that no valid or legal reason exists why the

same should not be revived against the defendant in the name of the assignees of the judgment creditor, and the court accordingly rendered judgment of revivor against the defendant below, with the costs.

On these proceedings the defendant brings his cause to this court, on error, and among others assigns the following:

II. That the court erred in overruling the plaintiff's demurrer to the defendant's replication.

IV. In finding that said Christy had duly assigned said judgment before the commencement of these proceedings, and that said Herbert R. and Alice M. Christy are the real owners thereof, and the real parties in interest.

V. In finding that the whole amount of said judgment was still due and owing, and that no legal reason exists why the same should not be revived against the defendant.

On the trial, evidence was introduced by the defendant, and received, by which it was sufficiently proved that on March 12, 1873, in the district court of the United States for the district of Nebraska, in a proceeding pending in said court, and before the register in bankruptcy, within the true intent and meaning of an act of congress establishing an uniform system of bankruptcy throughout the United States, approved March 2, 1867, the said Emil J. G. Christy was found, adjudged, and declared a bankrupt; that George W. Covell was appointed assignee of the estate, and that on April 1, 1874, said bankrupt was, by said court, discharged from all debts and claims due to creditors prior to February 27, 1873.

The main question presented by the record, and the only one deemed necessary to be considered is, whether at the date of the alleged assignment of the judgment against the defendant by Emil J. G. Christy to the plaintiffs he was the owner of the judgment, or whether that ownership had not passed to the assignee in bankruptcy; or rather whether, it being admitted, as it must be, that the judg-

ment had passed to the assignee, had it by any means been restored to the ownership and control of Christy at the date of the alleged assignment to the plaintiffs?

Section 5044 of the Revised Statutes U. S., title Bankruptcy, provides that, "as soon as an assignee is appointed and qualified, the judge, or where there is no opposing interest, the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto, and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings."

Section 5046 of the same title and chapter further provides that, "all property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent rights, and copy rights; all debts due him, or any person for his use, and all liens and securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract, or from the unlawful taking or detention or injury to the property of the bankrupt; and all his rights of redeeming such property or estate; together with the like right, title, power, and authority to sell, manage, dispose of, sue for, and recover or defend the same, as the bankrupt might have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, but subject to the exceptions stated in the preceding section, be at once vested in such assignee."

While there is no direct evidence in the transcript of the record of the execution, either by the district judge of

the United States court or the register in bankruptcy, of the instrument of assignment contemplated by the terms of section 5044, above quoted, yet the statute having made it the duty of the district judge, or the register, where there is no opposing interest, to execute such instrument, and there being evidence of the appointment of an assignee, and of subsequent proceedings—the discharge of the bankrupt on April 1, 1874—it must be presumed that these officers discharged their duties according to law, and that such instrument was duly executed. And while it appears from the language of the statute that title in the property assigned probably takes effect on the execution of such instrument, it is evident from the language of section 5046 that the right, title, power, and authority to sell, manage, dispose of, sue for, recover, and defend as the bankrupt might have had if no assignment had been made, becomes vested in the assignee by virtue of the adjudication of bankruptcy and the appointment of the assignee.

The meaning and effect of these statutes have been construed by the supreme court of the United States in several cases, some of which, cited by counsel, will be referred to in support of the opinion, that " a chose in action, good or bad, passes to the assignee in bankruptcy and cannot be sold, sued, or retained by the bankrupt."

In the case of *Erwin v. The United States*, 97 U. S. Report, 396, the claimant, having been discharged in bankruptcy, came surreptitiously into the possession of his former claim for the loss of cotton seized by the military authority of the United States. His action for the proceeds, which had been paid into the treasury, was dismissed under a decision that " a demand of a bankrupt, which is outlawed, must go to the assignee; for contingencies may arise in many ways which will give value to it."

In the case of *Glenny v. Langdon*, 98 U. S. R., 20, it was held that, " debts due to the bankrupt, as well as all his rights of action, vest in the assignee by virtue of the

adjudication in bankruptcy, and the appointment of the assignee as the representative of the bankrupt. Creditors can have no remedy which will reach property fraudulently conveyed, except through the assignee, for two reasons: First, because all such property by the express words of the bankrupt act vest in the assignee by virtue of the adjudication in bankruptcy and of his appointment. Second, because they cannot sustain any suit against the bankrupt."

This doctrine was re-affirmed in the case of *Trimble v. Woodhead*, 102 U. S. R., 647, and in *Moyer v. Dewey*, 103 U. S. R., 301.

It appearing from the record that the judgment against the plaintiff in error passed to the assignee in bankruptcy, who was thereby vested in the right of property to sue, collect, and appropriate the same to his creditors who proved their claims before the register, and that said Christy was thereby divested, and was so divested, at the date of the alleged assignment to the defendants in error, of all the rights of property in the judgment sought to be revived, the court below therefore erred in its findings and judgment as set forth, which are reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.