Ex Parte J. J. Harrell  *Petitioner.*

Opinion filed June 15, 1918.

## MUNICIPAL LAW-ORDINANCE FOR CLOSING OF MERCANTILE STORES.

An ordinance adopted by the City Council of the City of Tallahassee requiring, under penalties of fine and imprisonment, all places of business to be closed at 6:30 o'clock P. M., where goods, wares and general merchandise are kept for sale, is void, because the said City has no authority of law, either express or implied, to enact or enforce the same, and because the same is an unreasonable and unwarranted governmental interference with the personal rights of the merchant class of the citizens of the town.

A case of original jurisdiction.

Petitioner discharged.

*W. C. Hodges* and *Fred H. Davis,* for Petitioner;

*Fred T. Myers,* for City of Tallahassee.

TAYLOR, J.—Is it shown by the petition for the writ of *habeas corpus* filed in this Court and by the return to writ, duly issued, that the petitioner, J. J. Harrell, is deprived of his liberty and held in custody for the non-payment of a fine imposed upon him on conviction before the Mayor's Court of the City of Tallahassee, of an alleged violation of Section One of an Ordinance adopted by the City Council of said City, said Section being as follows:

"That on and after the 20th day of May, 1918, places

of business in the City of Tallahassee shall be closed for the transaction of business each week except Saturday, as follows: Automobile supply stores and garages at 9 o'clock P. M.

"Candy stores, cigar stands, drug stores and places where ice cream and soft drinks are dispensed exclusively, at 9:30 P. M.

"Bowling alleys, moving picture shows, pool and billiard rooms, at 10:30 P. M.

"And all other places of business not specifically named, where goods, wares and merchandise are kept for sale, at 6:30 P. M."

The petitioner belongs to the latter class that is required to close his store at 6:30 o'clock P. M.

The validity of the ordinance is questioned in this proceeding.

It is conceded that there is no express authority in any Statute for the enactment by this City of the ordinance for the infraction of which the petitioner is held in custody. But it is contended that under the general welfare clause of the City's charter authorizing it to enact all ordinances that tend to conserve the public health, public morals, the public safety and, generally, the good order and peace of the community, the City is empowered to adopt and enforce it.

We cannot discover how an ordinance requiring every person conducting a legitimate mercantile business in a town, except a few specially favored classes, to close their places of business at 6:30 o'clock P. M., can in any manner, directly or remotely, even tend to promote public health, public morals, the public safety or the good order and peace of the community; but, on the contrary, we think that the provision of the ordinance in question for a violation of which the petitioner is held in custody

is·an unwarranted governmental interference with the personal rights of the merchant class of the citizens of the town, and is void, and that the conviction and sentence of the petitioner by the Mayor for its infraction is not warranted by law and is a nullity.

It follows that·the petitioner should be, and he is hereby, adjudged and ordered to be discharged from custody at the cost of the City of Tallahassee.

BROWNE, C. J., AND ELLIS, J., concur.

WHITFIELD AND WEST, J. J., concurring specially.

If any provision of a municipal ordinance, curtailing the rights of individuals, adopted under *general welfare* chapter powers, is not reasonable in its operation, it is invalid. 19 R. C. L. 803, 867.

Assuming the power of the City to adopt and enforce reasonable regulations in the premises, the provision of the ordinance requiring stores to be closed at 6 :30 P. M. is unreasonable and therefore invalid. See L. R. A. 1916A, 651 and notes; Johnson v. Philadelphia, 94 Miss. 34, 47 South. Rep. 526, 19 Ann. Cas. 103, 19 L. R. A. (N. S.) 637; State v. Ray, 131 N. C. 814, 42 S. E. Rep. 960, 92 Am. St. Rep. 795, 60 L. R. A. 634.