A. LEVY, *Petitioner*, v. GEORGE STONE, as Chief of Police of the City of DeLand, *Respondent*.

En Banc.

Opinion filed April 3, 1929.

*Philip E. Buck*, for Petitioner;

*D. C. Hull* and *Hull, Landis & Whitehair*, for Respondent.

STRUM, J.—This is a proceeding in *habeas corpus*, instituted originally in this Court. The purpose of the proceeding is to test the validity of certain provisions of an ordinance of the City of DeLand, passed December 1, 1928, and entitled: ''An ordinance regulating auction sales of certain classes of goods in the City of DeLand.'' The ordinance applies ''to all sales at public auction of diamonds or any precious or semi-precious stones, or imitations thereof, watches, clocks, jewelry, gold, silver or plated ware, china, glass ware, or leather goods .conducted in the City of DeLand.''

Section 3 of the ordinance provides: ''No auction sale shall be conducted between the hours of 6:00 o'clock P. M. and 8:00 o'clock A. M., nor on Sundays.'' That provision, of course applies only to auction sales of those classes of merchandise hereinabove mentioned, to which the effect of the ordinance is limited by its terms.

Petitioner contends that the provisions of Section 3 of the ordinance are void ''because the same constitute an unreasonable and unwarranted governmental interference with the personal rights of (your) petitioner in the conduct of his business,'' and that his detention pursuant to a judgment or conviction of Section 3 of said ordinance is therefore unlawful.''

By Sec. 21 of Chap. 11566, Laws of Florida, Acts of Ex. Ses. 1925, the City of DeLand is authorized and empowered ''to license, tax or regulate auctioneers.'' While the power to ''regulate'' does not authorize prohibition in the general sense, a qualified or limited prohibition or restriction is sometimes incidental and indispensible to effective regulation, such, for instance, as to reasonably confine certain classes of business to certain hours of the day, or to certain localities, forbidding it at other hours or in other localities. *Ex parte* Byrd (Ala.), 4 So. R. 397, 5 Am. St. R. 328; Davidson v. Phelps (Ala.), 107 So. R. 86; State v. Bates, 112 N. W. R. 67. The ordinance in question here does not prohibit petitioner from selling his goods at auction during daylight hours, nor from selling them after 6:00 o'clock at night otherwise than at auction, thereby differing essentially from the situation presented in *Ex parte* Harrell, 76 Fla. 4, 79 So. R. 166.

The police power may be exercised in appropriate cases (see People v. Beakes Dairy Co., 119 N. E. R. 118, 3 A. L. R. 1267) to protect the public against loss from fraudulent or unscrupulous practices in commercial and financial transactions, particularly where the thing dealt with, or the method of dealing, readily adapts itself to the perpetration upon the public of deception or fradulent imposition. Holsman v. Thomas, 147 N. E. R. 750, 39 A. L. R. 760; Biddles v. Enright, 146 N. E. R. 625, 39 A. L. R. 766. See also Goldstein v. Maloney, 62 Fla. 198, 57 So. R. 342.

There is some diversity of opinion amongst the courts upon the validity of a municipal regulation limiting the conduct of auction sales of jewelry and the like to daylight hours. See Miller v. City of Greenville, 132 S. E. R. 591, 46 A. L. R. 155; Robinson v. Wood, 196 N. Y. Supp. 209; People v. Gibbs, 152 N. W. R. 1053; Ann. Cas 1917 B 830.

The substantial weight of authority, however, and in our opinion the better reasoning, supports the validity of such a regulation when confined to auction sales of the class of merchandise enumerated in the ordinance under consideration. Whether the same would be true with reference to other classes of merchandise is not now before us for consideration.

The circumstances and incidents which accompany the sale at auction of the class of merchandise affected by the ordinance here under consideration are generally recognized as affording a reasonable basis of classification for the purpose of imposing upon such sales, in the exercise of the regulatory police power, the regulation here involved, even though the same regulation be not imposed upon auction sales of other commodities. The classification being reasonable and its operation uniform as to all persons who desire to sell at auction merchandise of the class here involved, the validity of the classification can not be successfully assailed merely because its scope is not sufficiently broad to include all possible abuses of this general nature. See Bow v. Cleveland, 124 N. E. R. 132, 12 A. L. R. 1424. See also Noble v. State, 68 Fla. 1, 66 So. R. 153.

It is a matter of common knowledge that in the sale of merchandise of the character affected by this ordinance the public is more readily deceived and becomes an easy prey to fraud, and that auction sales of such merchandise are therefore attended with greater risk to the public. Such sales afford peculiar opportunity to impose upon, defraud and cheat the public because the public generally is unskilled in the art of determining the purity, quality and value of merchandise of this character, to determine which deliberate care and often scientific tests are necessary. It is further a matter of common knowledge that fraud and irreparable injury to the public are more likely to occur

in auction sales of merchandise of the character here under consideration when the same are conducted after night fall and by artificial light, and in the excitement of competitive bidding when little or no opportunity is offered for careful inspection, than in the case of other classes of goods, or in the sale of the character of goods under consideration held during the day time in the ordinary course of business. The rapid sale of such articles at public auction at night, when purchasers must buy at a glance under artificial lights and under the stimulus of competitive bidding, exposes many persons to deception and unscrupulous practices against which this character of regulation might protect them. Similar opportunities for practicing fraud and deception upon the public do not ordinarily attend auction sales of other commodities the quality and value of which are readily ascertainable by the ordinary person. The circumstances just stated, and others, furnish practical reasons for the imposition of regulations of this nature upon the sale at auction and at night of jewelry, precious stones, glassware, and the like, which reasons do not exist with respect to auction sales in other lines of business. The regulation in question therefore bears a reasonable and practical relation to the object sought to be accomplished by it, namely, the prevention of fraud and deception upon the public. As was said in Biddles v. Enright, 146 N. E. R. 625, 39 A. L. R. 766: ''In the examination of jewelry and precious stones, silks, fabrics, and the like, too much artificial light, or the nature of the artificial light, may be deceiving as the candle or the lamp. The glare may be as obscuring as the darkness. Colors, too, as we well know, may take on a different shade altogether, according to quality or coloring of the light. Manipulations of the lights upon the stage have made it common knowledge that the eye may be readily mistaken as to the actual nature of the

thing observed * * *. It is not enough to say that the business may be honestly conducted. The State may, to some extent, compel honesty by imposing a license fee if widespread frauds upon and losses by its people are thereby prevented.'' Another reason advanced in the decision just mentioned is that such a regulation tends to prevent the gathering of a crowd at night in or about the streets or cities, where jewelry and precious articles are being sold and carried away by customers, thereby decreasing the possibility of violence and robbery, adding: ''To say that there is no more danger at night from the assembling of such crowds around the place where valuables are publicly distributed than there would be in the day time is to ignore the fact that darkness has always been sought as a cover for crime.'' Hyman v. Boldrick, 44 L. R. A. (N. S.) 1039, 154 S. W. R. 369. In the case of People v. Gibbs, *supra*, the ordinance under consideration contained elaborate provisions for safeguarding purchasers against fraud, which were apparently regarded by the court as sufficient to protect purchasers at night sales. The following cases support our view that the classification and the regulation here involved are reasonable and valid: Holsman v. Thomas, 147 N. E. R. 750, 39 A. L. R. 760; Biddles v. Enright, *supra*; Alexander v. Enright, 206 N. Y. Supp. 785; Carlton v. Watertown, 207 N. Y. Supp. 339; Ex parte West, 243 Pac. R. 55; Roanoke v. Fisher, 119 S. E. R. 259; Mogul v. Gaither, 121 Atl. R. 32; State v. Bates, 112 N. W. R. 67; Davidson v. Phelps, 107 So. R. 86. See also the notes following Dornberg v. Spokane, 31 A. L. R. 295, and Miller v. Greenville, 46 A. L. R. 155, although the last stated cases take a contrary view of the question under consideration. 3 McQuillian Munc. Corp. (2nd Ed.) Secs. 1062, 1077.

While we do not necessarily subscribe without qualifica-

tion to all that is said in the cases last above cited, we are in full accord with their reasoning and holding upon the particular regulation now under consideration.

Petitioner remanded.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.