Buford, J.
 

 —Plaintiff in error filed his petition for writ of Mandamus in the Circuit Court of Leon County alleging that he owned certain property in the City of Tallahassee located near the old 0. F. & A. Railway station in that part of the city which is occupied largely by colored people. That on the 17th day of January, 1930, he made application for license to operate a pool room on the property described; that the liscense was denied because of an ordinance prohibiting the operation of pool rooms except abutting on certain parts of certain streets. He contends that the ordinance limiting the operation of pool rooms to that particular territory is invalid and that the City of Tallahassee was without authority to enact such an ordinance. Alternative writ was issued and came on to be heard upon a motion to quash. The motion was granted and the petition dismissed. Writ of Error was taken. The ordinance referred to is as follows:
 

 “No license shall be issued to any person or persons for operating a pool or billiard room within the corporate limits of the City of Tallahassee, except in the district hereinafter described, to-with: On Jefferson Street between Adams Street and Monroe Street; on Monroe Street between Park Avenue and Pensacola Street; on Park Avenue between Adams Street and Monroe Street;”
 

 The authorities are in harmony in holding that pool and billiard rooms are appropriate subjects for regulation in the exercise of police power under delegated authority to Municipal Corporations. The keeping of billiard and pool tables for hire is not a useful business or employment and is consequently attended by effects injurious to the
 
 *1531
 
 public. Dillon on Municipal Corporations, 5th Ed. paragraph 731, and cases there cited.
 

 Section 138 of the Charter of the City of Tallahassee, being Chapter 8374 Laws of Florida, 1919, as amended by Chapter 13437 Laws of 1927, provides as follows:
 

 * ‘ See. 138. General Laws to Apply. All general laws of the State applicable to municipal corporations, now or which may hereafter be enacted, and which are not in conflict with the provisions of this Charter or with the ordinances and resolutions hereafter enacted by the City Commission, shall be applicable to this city; provided, however, that nothing contained in this Charter shall be construed as limiting the power of the City Commission to enact any ordinance or resolution not in conflict with the Constitution of the State or with the express provisions of this Charter.
 

 Section 2981, Comp. Gen. Laws, which appears as Section 1871 Rev. Gen. Stats., provides as follows:
 

 “Powers as to Public Amusements, Hotels, Livery Stables, etc.— The City or town council shall have power to regulate and restrain all billiard saloons, ten pin alleys, theatres or public halls and all places used for public exhibition games, or amusements of any kind, and taverns, hotels and other houses for public entertainment; to require all such places to be kept and used subject to such reasonable regulations as the council may prescribe; to require all keepers of such places to procure from the city or town a license for keeping the same, under such pains, penalties and forfeitures as the council may prescribe,”
 

 and, therefore, even if the City did not have the power to regulate pool rooms as is done by the ordinance in
 
 *1532
 
 question, under the provisions of Section 7 of the City Charter,
 
 supra,
 
 which we think it has, there can be no question that it did acquire this power under the provisions of Section 138 of the Charter in connection with Section 2981 Comp. Gen.'Laws.,
 
 supra.
 

 There is no error in the judgment of the Circuit' C.ourt and the same shoiild be affirmed, it is so ordered.
 

 Affirmed.
 

 Whitfield, P. J. and Strum, J., concur.
 

 Terrell, C. J. and Ellis and Brown., J. J., concur in the opinion and judgment!