STATE OF FLORIDA, ex relator SAM ZBAR, *Plaintiff in Error*, vs. JOE MIZELL, as Chief of Police of the City of Bartow, Florida, *Defendant in Error*.

142 So. 824.

Division A.

Opinion filed June 30, 1932.

66

*Wilson & Boswell,* for Plaintiff in Error;

*Fred M. Harris,* for Defendant in Error.

PER CURIAM.—In this case the plaintiff in error was arrested charged with the violation of Section 99a of the Code of Ordinances of the City of Bartow, the pertinent part of which ordinance, so far as this case is concerned, reads as follows:

"No person, firm or corporation shall engage in conducting a bankrupt, trustee or receivership sale of goods, wares and merchandise represented to be bankrupt, trustee or receivership stock without first having made written application to the Tax Collector for a license so to do stating the place where the sale is to be conducted, kind of merchandise desired to be sold, and length of time for which it is wished to obtain a license, and thereupon paying the Tax Collector of the City of Bartow the license fee in advance of $10.00 per day for each day during the period of time for which said party wished to obtain a license, provided that no license shall be issued for a period of less than ten days."

Petitioner sued out writ of habeas corpus before the Circuit Judge. On hearing the ordinance was held valid and the petitioner remanded.

The ordinance is materially different in its effect and terms from the state law on the same subject. See Section 7, Chapter 14491, Acts of 1929.

The power of the Legislature, and of municipal authorities acting under legislative authority, to separately classify and deal with special sales of goods so advertised, or held out, as to peculiarly appeal to the cupidity of the public,

and therefore subject to special police regulations and taxation, cannot be denied. Rast v. Van Deman & Lewis Co., 340 U. S. 342, 36 Sup. Ct. 370, 60 L. Ed. 679; Adams v. Isler, 101 Fla. 347, 134 Sou. Rep. 535; Levy v. Stone, 97 Fla. 458, 121 Sou. Rep. 565.

But ordinances so undertaking to classify, regulate and tax such special sales must be drawn with such definiteness and precision as not to include within their terms the conduct of persons, firms and corporations which may not be reasonably or lawfully included in such a classification as we are here called on to deal with. Tyson & Bros. v. Banton, 273 U. S. 418, 47 Sup. Ct. 426, 71 L. Ed. 418.

The ordinance here involved is so broad that by its terms it must be construed as imposing an unreasonable burden upon bona fide merchants who were the original owners of the stock of merchandise proposed to be sold, in selling their stocks of merchandise in regular course of trade under mercantile license so to do, and for this reason the ordinance must be held to be unreasonable and invalid. . See Ex parte Harrell, 76 Fla. 4, 79 Sou. Rep. 166, L. R. A. 1918-F 514.

Therefore the judgment must be reversed and the petitioner ordered discharged from custody under the charge based on the ordinance as it now stands.

Reversed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

BROWN, J., concurring.—This ordinance would also impose a license tax upon a receivership sale conducted under an order of Court. If the word "falsely" had preceded and qualified the word "represented" the ordinance might have been valid.