NORMAN C. HEWITT, *et al.,* v. PUNTA GORDA STATE BANK

157 So. 420.
Opinion Filed October 30, 1934.
Rehearing Denied November 23, 1934.

*W. D. Bell,* for Appellants.

*Leitner & Leitner,* for Appellee.

PER CURIAM.—On a previous appeal to this Court an order denying defendant's motion to dismiss the bill was reversed and the cause remanded for further proceedings. Hewitt v. Punta Gorda State Bank, 108 Fla. 39, 145 Sou. Rep. 883. This is another appeal from an interlocutory order made in the same case—but this time the appeal is from an order denying defendant's motion to dismiss the complainant's bill as amended after the going down of the mandate on the first consideration just referred to.

Under Section 5771 C. G. L., 3864 R. G. S., a bill in equity may be brought to reach property alleged to have been fraudulently put out of reach of an execution held by the complainant in such bill. Such a bill, while often loosely referred to as an ordinary "creditor's bill," is in reality a bill which this Court has described as a bill "in the nature

of a creditor's bill" brought to reach either equitable assets or any obstructive conveyance that is capable of being adjudged fraudulent and void under our statutes as to the particular judgment held by the complainant, so that such property as is sought to be reached may be sold and the proceeds thereof applied to the satisfaction of the complainant's judgment claim, as a result of the decree rendered on such bill. Cowdery v. Herring, 106 Fla. 67, 143 Sou. Rep. 433.

The bill, as now amended, appears to be good in substance as a bill in the nature of a creditor's bill to reach assets alleged to have been fraudulently concealed by the defendant, a judgment debtor of the complainant, so the motion to dismiss was properly overruled by the Chancellor.

Under the peculiar parts of the case we hold that persons appearing to be grantors of alleged fraudulent conveyances are not indispensable or necessary parties to a bill of this character, as the decree in the case can affect no right of theirs, unless relief of some character is sought against such grantors.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.