LYLE CURTIS v. ROY HUTCHINGSON, as Chief of Police of the City of Lakeland.

170 So. 135.
Division B.
Case No. 3.
Opinion Filed October 12, 1936.

*H. B. S. Hammond,* for Plaintiff in Error;
*Carver & Langston,* for Defendant in Error.

PER CURIAM.—In this case we review the judgment of the Circuit Court remanding petitioner to the custody in habeas corpus proceedings wherein the record shows that petitioner was charged with the violation of the provisions of Section 6 of the Ordinance 585 of the City of Lakeland, which is as follows:

"Section 6. It shall be unlawful for any person to operate, play or patronize any such coin-operated machine or device as referred to in Section One hereof between the hours of 12 o'clock Noon and 1 o'clock afternoon and between the hours of 8 o'clock afternoon and 6 o'clock the following morning of any day upon which such machines or devices are permitted by law to be operated."

Here we are dealing with the same class of business which was involved in the case of Lyle Curtis v. Roy Hutchingson as Chief of Police of the City of Lakeland, opinion filed at this term of Court. But the section of the ordinance here under consideration finds a different basis than that which

we find for that section of the ordinance which was under attack in the other Curtis case. The enunciation in the case of *Ex Parte* Harrell, 76 Fla. 4, 79 Sou. 166, is not applicable here because in that case the Court dealt with the ordinary and usual business of selling merchandise and here we deal with a class of business which is peculiarly applicable to regulations by both State and municipality. It is a business which may only be operated because of the permissive statute. It is to be classified with the sale of intoxicating liquor, the operation of pool rooms and things of that sort which are recognized to have harmful tendencies and baneful influences.

In State, *ex rel.* Lukes, v. Tallahassee, 100 Fla. 1529, 131 Sou. 386, we upheld an ordinance providing that pool rooms should only be opened on Jefferson Street between Adams Street and Monroe Street; on Monroe Street between Park Avenue and Pensacola Street; on Park Avenue between Adams and Monroe Streets, and said:

"The authorities are in harmony in holding that pool and billiard rooms are appropriate subjects for regulation in the exercise of police power under delegated authority to Municipal Corporations. The keeping of billiard and pool tables for hire is not a useful business or employment and is consequently attended by effects injurious to the public. Dillon on Municipal Corporations, 5th E., Paragraph 731, and cases there cited."

There is a good and sufficient reason for prohibiting the operation of liquor saloons and pool rooms, slot machines and other things of that character in the night time. So the only question presented for our determination is whether or not it is unreasonable for the ordinance to prohibit the operation of slot machines between eight o'clock P. M. and six o'clock A. M. Such ordinances in regard to the sale of intoxicating liquor and the operation of pool rooms have

been generally upheld. In the recent case of State, *ex rel.* Floyd, v. Noel, opinion filed July 30, 1936, we upheld an ordinance of the City of St. Petersburg prohibiting the sale of intoxicating liquors between ten o'clock P. M., six o'clock A. M. Applying the same rules here, we can find no good reason why an ordinance fixing the closing hour at eight o'clock at night is not just as valid as an ordinance fixing the closing period at ten o'clock at night.

Therefore, we hold the ordinance valid and affirm the judgment.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.