LYLE CURTIS v. ROY HUTCHINGSON, as Chief of Police of Lakeland.

170 So. 134.
Division B.
Case No. 2.
Opinion Filed October 12, 1936.

*H. B. S. Hammond,* for Plaintiff in Error;
*Carver & Langston,* for Defendant in Error.

PER CURIAM.—We review the judgment of the Circuit Court remanding petitioner to the custody of the Chief of Police of the City of Lakeland in habeas corpus proceedings challenging the validity of Section 14 of Ordinance 579 of the City of Lakeland. The section of the ordinance is as follows:

"It shall be unlawful for any machine or device licensed hereunder to be operated more than five feet above or three feet below ground level at the entrance of the building in which it is located or at any place in any building that shall not be in open view from the outside of the room in which such machine or, device is operated."

The particular provision of the ordinance with which the petitioner was charged with violating was that provision which prohibited the operation of a slot machine at a place more than five feet above or three feet below the ground. If this provision of the ordinance is valid it must be held so upon the theory that the municipality is authorized to enact such ordinance under the police power or general welfare power of municipalities. It must also be held to be a reasonable police ordinance. See *Ex Parte* Harrell, 76 Fla. 4, 79 Sou. 166. Also see L. R. A. 1916-A 651 and note; Johnson v. Philadelphia, 94 Miss. 34, 47 Sou 526; State v. Ray, 131 N. C. 814, 42 S. E. 960, 60 L. R. A. 634.

The operation of slot machines may be classified as a business with such businesses as the sale of intoxicating liquors and the operation of pool rooms. Therefore, it follows that the power inherent in municipal corporations may be exercised to reasonably regulate the operation of slot machines within the municipality and in the exercise of this power it may prohibit the operation of such machines within certain hours or within certain zones, provided there is a reasonable basis for the adoption of the hours within which the operation is prohibited or the zones in which the machines may be operated; and provided further that the ordinance does not conflict with lawfully established State policies in this regard.

The State of Florida has adopted the policy wisely or unwisely of authorizing the operation of slot machines in the State and has made the approval of locations for the operation of such machines a matter to be determined by the Comptroller of Florida.

In the case of State, *ex rel.* McAuley, v. York, 90 Fla. 625, 106 Sou. 418, quoting Judge Dillon, we held:

"It is, of course, within the power of the court to declare

an ordinance to be *unreasonable and void on its face* by a mere inspection of the ordinance, if it is clearly of that character because of the inherent nature of its provisions. But the power of the court to declare an ordinance void because it is unreasonable is one which must be carefully exercised. When the ordinance is within the grant of power of the municipality, the presumption is that it is reasonable, unless its unreasonable character appears upon its face. But the courts will declare an ordinance to be void because unreasonable *upon a state of facts being shown* which make it unreasonable. If the ordinance is not inherently unfair, unreasonable or oppressive, the person attacking it must assume *the burden of affirmatively showing* that as applied to him it is unreasonable, unfair and oppressive." (Quoted from Vol. 2, Sec. 592, Dillon, Municipal Corporations.)

We think the provision of the section of the ordinance here under consideration which prohibits the machine being operated "more than five feet above or three feet below ground level at the entrance of the building in which it is located" is on the face thereof unreasonable and not within municipal authority.

Therefore, the judgment should be reversed and the cause remanded with directions that petitioner be discharged.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.