STATE, *ex rel.* GRANVILLE JAMES, v. J. G. GERRELL, Constable, Eleventh Justice of the Peace District of Leon County.

188 So. 812.

Division A.

Opinion Filed December 1, 1938.

On Rehearing April 21, 1939.

326

*J. Lewis Hall* and *Clyde W. Atkinson,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

TERRELL, C. J.—The legislature of 1937 enacted Chapter 18069, regulating the sale of goods, wares, merchandise, and other personal property at public auction. Granville James, the petitioner, was on August 25, 1938, arrested on a warrant charging him with violating the provisions of said Act in that he conducted an auction sale during hours prohibited thereby and refused to post the bond and pay the license required to conduct such a sale. He seeks relief from this charge by Habeas Corpus.

He contends that Chapter 18069, Acts of 1937, cannot be enforced because it is violative of Sections One and Twelve, Declaration of Rights, Constitution of Florida, and the due process and equal protection clause of the Fourteenth Amendment to the Federal Constitution in that, (1) It unduly restricts the hours in which sales by auction may be conducted, (2) Requires the posting of an unreasonable bond as a prerequisite to such sales, (3) Requires an unreasonable tax to conduct an auction sale, and (4) Makes unreasonable exemptions from the provisions of the Act.

The business of selling goods at auction is one affected

with a public interest that the legislature may regulate. Such statutes are enacted in aid of the police power and must be regulative rather than prohibitive. Levy v. Stone, 97 Fla. 458, 121 So. 565; Matheny v. Simmons, 165 Miss. 429, 139 So. 172; 5 Am. Jurisprudence 447.

The reasonableness of the Act assaulted is not open to judicial review unless some constitutional guaranty is invaded. In the imposition of excise or license taxes, the Courts will enforce the observance of the due process and equal protection provisions of the Constitution. For this reason, such taxes cannot be unreasonable or arbitrary, either as to basis of classification or amount of the tax imposed.

The test of validity by which an excise tax will be determined is this: The business taxed must be a lawful one, that is to say, one conducive to the public welfare, health, safety, or morals. If the objects or businesses taxed are classified, the classification must be on some reasonable basis. The tax must bear equally on all similarly situated and must bear a just relation to the cost of protection. If the classification is arbitrary or the amount of the tax is such that it impairs one's rights to engage in a lawful business or unduly hampers the owner in the pursuit of his business or tends to drive large numbers out of business, it will be stricken down.

With this test to guide us, we discuss first the requirement of Section Four of the Act under review making it unlawful for any person to conduct an auction sale in the State of Florida between the hours of Six P. M. and Eight A. M.

Petitioner relies on Perry Trading Company v. City of Tallahassee, 128 Fla. 424, 174 So. 854, 111 A. L. R. 463, to invalidate this provision of the Act. On first impression, it would appear that there was merit to his contention but

the Act involved in the latter case·was a city ordinance and the decision was supported by cases which struck down acts for unfair or other discriminations not found in the present Act. In this case, all auctioneers are treated alike and in many cases perfectly good reasons have been advanced for prohibiting auction sales at night. Levy v. Stone, 97 Fla. 458, 121 So. 565.

We have examined *Ex parte* Harrell, 76 Fla. 4, 79 So. 166, and other cases of similar import striking down Acts restricting opening and closing hours' on the ground that they have no relation to the health, safety, morals, or welfare of the Community but they do not conclude this case. They·involve sales of jewelry or other commodities that have a deceptive appearance under artificial light or they deal with Acts licensing businesses difficult to police. We are convinced after a thorough review of the cases the better reasoned authority supports the validity of such restrictions when as in this case all businesses are treated alike.

We next consider the provisions of Section One of Chapter 18069, requiring all persons conducting an auction sale to post a bond in the sum of two thousand dollars, payable to the Governor conditioned to pay all losses and damages claimed against the licensee for misrepresentations and pay a license fee of one thousand dollars for each county in which a sale is conducted, the said license being limited to fifteen days.

The legislature may within its discretion impose reasonable excise taxes for the privilege of engaging in business of any kind including that of selling by auction. It may also require·a bond to protect the public against fraud and deception but to impose a bond of two thousand dollars and a license tax of one thousand dollars every fifteen days on all persons conducting an auction sale without any reference to the character or the amount of the sale is so palpa-

bly arbitrary and unreasonable as to condemn it on its face. Such an imposition amounts to a prohibition of large numbers from engaging in a legitimate business and is beyond all the necessities for the legislation. Such an imposition would impose an undue burden on many who were not excluded from the business. State, *ex rel.* Bonsteel, v. Allen. 8 Fla. 214, 91 So. 104; Perry Trading Co. v. City of Tallahassee, 128 Fla. 424, 174 So. 854, 111 A. L. R. 463.

Section Eight of Chapter 18069, also provides that it shall not apply to any person who is a resident of Florida engaged in selling goods, wares, or merchandise for a period of twelve months in the year, provided said person, firm, or corporation shall have maintained and conducted an established place of business for such purposes, and has been engaged in such business for a period of not less than five years in the community wherein the auction sale is to be held.

Here we have a classification based on residence and the length of time one has been engaged in business. This Court has condemned classifications based solely on the ground of residence or on the difference of time the persons licensed have been engaged in business and there appearing no other basis for this classification, we are impelled to hold it bad.

Differences in excise taxes must be based on differences in the cost of police protection, modes of conducting the business, the burden imposed on the governmental entity in enforcing the license laws, or on some other just and reasonable basis. They cannot arise on the ground of residence or citizenship when no other factor is involved. Neither can they be employed to force one out of or deter him in going into a lawful business or to give one an unfair advantage over another engaged in the same business. Hamilton v. Collins, 114 Fla. 276, 154 So. 201; Dusenbury

v. Chesney, 97 Fla. 468, 121 So. 567; Roach v. Ephren, 82 Fla. 523, 90 So. 609.

Deeming the provisions of the Act discussed to be bad, it follows that the petitioner should be discharged.

It is so ordered.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.

### ON PETITION FOR REHEARING

TERRELL, C. J.—In our opinion filed December 1, 1938, we upheld Section Four of Chapter 18096, Acts of 1937, relating to the hours in which auction sales could be conducted but we held invalid all other provisions of this Act.

It is contended that since Section Eight exempting all merchants from the provisions of the Act who have been in business for more than five years was held bad, to uphold Section Four prohibiting auction sales after six o'clock P. M. and before eight o'clock A. M. would produce a situation never intended by the legislature and that such being the case, Section Four should now be held bad, making the entire Act invalid.

A majority of the Court agree to this contention which finds support in our decisions. State v. Patterson, 50 Fla. 127, 39 So. 398; Ex Parte Smith, 100 Fla. 1, 128 So. 864. It follows that on rehearing, Section Four is held invalid but in all other respects our opinion of December 1st is reaffirmed. In other words, the entire Act is now held bad.

It is so ordered.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.