50 So.2d 883 (1951)
CITY OF MIAMI et al.
v.
SHELL'S SUPER STORE, Inc.
Supreme Court of Florida, en Banc.
February 23, 1951.
J.W. Watson, Jr., and John E. Cicero, Miami, for appellants.
Robert C. Lane and Curtiss B. Hamilton, Miami, for appellee.
TERRELL, Justice.
The City of Miami adopted ordinance 3842, requiring barbershops (1) to open Mondays through Fridays not earlier than 8:30 A.M. and close not later than 6 P.M. (2) To open on Saturdays not earlier than 8:30 A.M. and close not later than 7 P.M. (3) Prohibited the opening of barbershops on Sundays.
Appellee filed its petition challenging the validity of said ordinance alleging it to be unreasonable, invalid and unconstitutional in that it imposes an undue burden on petitioner in the exercise of its business and deprives it of its property without due process of law. The City answered denying the material allegations of the petition and alleged that it had power under its charter, Chapter 10847, Sp. Acts of 1925, as amended, to adopt and enforce the ordinance. On the issues so made testimony was taken and the chancellor entered his final decree in favor of petitioner, holding that the question presented was ruled by Quigg v. State ex rel. Leggett, 135 Fla. 842, 185 So. 842 and like cases. The City appealed.
*884 While we recognize that the authorities touching the power of the City to enact and enforce such an ordinance do not all point the same way, we find the chancellor's decree to be supported by the decided weight of authority. Regulatory ordinances must be enacted in the light of the public interest as well as in the interest of the business regulated. Ordinance 3842 is not shown to have any relation to the health, safety and welfare of the barbers or the public but on the other hand, it is shown to be an unreasonable deterrent to appellee in the conduct of its business.
The record discloses petitioner's business to be what is currently known as a "one stop" shopping center including grocery department, butcher shop, restaurant, drug store, dry cleaning, telegrams and barbershop. The latter was installed at heavy expense, is air conditioned, sanitary and works two shifts of barbers. It caters to a class of people who do their shopping and get their barber work done in the afternoon and evening. It keeps open till about eleven o'clock at night. To require it to conform to the ordinance would inconvenience or cut off more than fifty per cent of its customers and leave four or five barbers out of employment. It is shown to have built up a large clientele and a background of good will that is worth more. To enforce ordinance 3842 against it would destroy much of this.
The business of a barber is a lawful and necessary business. Its relation to the public makes it subject to reasonable regulation, but such regulation goes to competency of the barbers, sanitation and protection of the public against the spread of communicable disease. So long as limited to one of these subjects of regulation it is a valid exercise of the police power, otherwise it is apt to be an unreasonable restriction on one's right to engage in a lawful business and make an honorable living. The chancellor found the ordinance under review to be in the latter class and we find ample support for his decision. Quigg v. State, ex rel. Leggett, 135 Fla. 842, 185 So. 842; Ex parte Harrell, 76 Fla. 4, 79 So. 166, L.R.A. 1918F, 514; Robbins et al. v. Webb's Cut Rate Drug Co. Inc., et al., 153 Fla. 822, 16 So.2d 121; State ex rel. Fulton v. Ives et al., 123 Fla. 401, 167 So. 394; Eanes v. City of Detroit, 279 Mich. 531, 272 N.W. 896; Salt Lake City v. Revene, 101 Utah 504, 124 P.2d 537; State Board of Barber Examiners v. Cloud, 220 Ind. 552, 44 N.E.2d 972; City of Louisville v. Kuhn, 284 Ky. 684, 145 S.W.2d 851; State v. Greeson, 174 Tenn. 178, 124 S.W.2d 253; Patton v. City of Bellingham, 179 Wash. 566, 38 P.2d 364; 98 A.L.R. page 1076 where the subject is reviewed at length.
The judgment appealed from is therefore affirmed.
Affirmed.
SEBRING, C.J., and CHAPMAN, ADAMS and ROBERTS, JJ., concur.
THOMAS and HOBSON, JJ., not participating.