QUESTION:
Is Ordinance No. 278, s. 13-13, of the Town of Ocean Ridge relating to municipal occupational license taxes, in conflict with Ch. 205, F.S.?
SUMMARY:
A regulatory license fee enacted pursuant to municipal police powers is not within the purview of Ch. 205, F.S. A regulatory license fee judicially differs from an occupational license tax by the necessity of some standards for regulation and control. The regulatory fee must be reasonably commensurate with the actual municipal expense associated with the regulatory license process and the cost of regulation. The activity or vocation subject to regulation must be one affected with the public interest and then regulated only in the manner reasonably necessary to protect the public interest. Pursuant to ss. 320.24 and 323.15(6), F.S., a municipality is prohibited from collecting any license or registration fee on any motor vehicle.
By Ordinance No. 278, the Town of Ocean Ridge has imposed certain occupational license taxes and a "registration" requirement on those persons not subject to the occupational license tax. Registration is required of all persons not licensed but engaged in any business, occupation, or profession within the municipal boundaries, and such registration is to provide the town a record of the persons doing business within the town and to assure town citizens that such persons are licensed by the county. Section 13-13 of the town ordinance requires "any and all trucks and other vehicles operated or used in connection with any business or occupation . . . conducted within the municipal limits" to display a bumper decal identifying such vehicle for purposes of making available to the town, or other interested persons, the name and address of the business or occupation for which such vehicle is being used. Applicants for such decals are required to pay two dollars to cover the town's cost of preparation and issuance.
Under the auspices of local police power, the Town of Ocean Ridge requires all persons not required to purchase an "occupational license" to "register" with the town and requires all vehicles used in connection with any occupation or business conducted within municipal limits to have affixed thereto the aforementioned bumper decal. A person within the purview of the "registration" or the motor vehicle identification decal provisions who fails to adhere to the ordinance appears to be subject to arrest.
Municipalities have only such powers as granted by the legislature and may not do indirectly what they are prohibited from doing directly. Solomon v. City of Miami Beach, 187 So.2d 373 (3 D.C.A. Fla., 1966), cert. denied 196 So.2d 927 (Fla. 1967). Chapter 73-129, Laws of Florida, created the "Municipal Home Rule Powers Act" [Ch. 166, F.S.] which grants municipalities the power to levy reasonable regulatory fees on such classes of business, professions, and occupations not preempted by the state or by the county pursuant tocounty charter. Sections 166.021(2) and (3) and166.221. Chapter 205, F.S., preempts the area of local occupational license taxes, specifically excluding local regulatory fees, and prohibits local governing authorities from levying additional licenses on vehicles used by persons or businesses otherwise licensed under Ch. 205.
In AGO 073-172, I responded to a similar "registration fee" question and stated that the factual peculiarities of the constitutional issues embedded in such question prevented me from ruling on the validity of the ordinance. The same rationale is clearly applicable here, requiring me to leave the final resolution for judicial determination. The main judicial delineation between a "regulatory fee" and a "license tax" appears to be the regulatory fee requirement that some standards for regulation and control of the registrant, subsequent to payment of the fee, be provided. If the applicant is merely required to pay a fee and payment acquires the right to carry on an occupation, without any further conditions, the pecuniary extraction is generally considered a license tax. Tamiami Trail Tours, Inc. v. City of Orlando, 120 So.2d 170 (Fla. 1960). The judiciary has also required the regulatory fee to be reasonably commensurate with the actual expense of issuing the regulatory license and the cost of regulation. See Atkins v. Phillips, 8 So. 429 (Fla. 1890); 21 Fla. Jur. License and License Taxes s. 9; 23 Fla. Jur. Municipal Corporations ss. 129 et seq.
Municipal ordinances are presumed to be constitutional, AGO 073-172; however, the government entities exercise only such legislatively granted police power as affects the public welfare, and exercise of that power is strictly construed. (See) 23 Fla. Jur. Municipal Corporations ss. 131 and 132. This ability to legislate and limit individual rights is "directly proportional to the strength of the danger to the public." See City of Miami v. Jiminez, 130 So.2d 109, 110 (3 D.C.A. Fla., 1961); Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972); City of Miami Beach v. Fleetwood Hotel, Inc. 261 So.2d 801 (Fla. 1972); Perry Trading Co. v. City of Tallahassee, 174 So. 854 (Fla. 1937).
An activity subject to regulation must first be affected with the public interest and then regulated only in the manner reasonably necessary to preserve the public interest based on:
"[W]hether it [ordinance] has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. City of Miami v. Kayfetz, 92 So.2d 798, 801 (1957)."
See also Maxwell v. City of Miami, 100 So. 147 (Fla. 1924); City of Miami v. Shell's Super Store, 50 So.2d 883 (Fla. 1951).
Application of such a municipal police power must also respect certain state and federal constitutional restrictions and preemption doctrines as discussed in AGO's 071-76, 071-311, 071-317, 072-117,072-236, 073-162, and 073-399. Section 320.24, F. S., preempts all licensing of motor vehicles and declares it "unlawful for any municipality to collect any license or registration fee on any motor-driven vehicle, trailer, semi-trailer or motorcycle sidecar in this state." See also 323.15(6), F.S., and Solomon v. City of Miami Beach, supra.