QUESTION: May a municipality require, under s. 166.221, F. S., an occupational license from a person who does not maintain a permanent business location or branch office within the municipality, notwithstanding s. 205.042, F. S.?
SUMMARY: A regulatory license fee imposed under the municipal police power pursuant to s. 166.221, F. S., does not fall within the purview of Ch. 205, F. S., and the municipality may levy the regulatory fee on a person who does not maintain a permanent business location or branch office within the municipality. Whether a license fee meets the requirements necessary to be considered a regulatory fee is an issue of fact to ultimately be determined by the judiciary. Your question is answered in the affirmative for the reasons hereinafter set forth. Preliminarily, it should be noted that occupational licenses may be imposed under either the police power or the taxing power of a municipality. Section 166.221, F. S., relates solely to the municipal police power to regulate businesses. That section provides: A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter. (Emphasis supplied.) Chapter 205, F. S., the Local Occupational License Tax Act, specifically recognizes the revenue nature of the occupational licenses authorized therein distinguishing them from regulatory licenses. Section 205.022(1) provides: (1) "Local occupational license" means the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. It shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter. (Emphasis supplied.) In AGO 074-21, I concluded that a regulatory license fee, enacted pursuant to municipal police powers, is not within the purview of Ch. 205, F. S. The main judicial delineation between a "regulatory fee" and a "license tax" appears to be the regulatory fee requirement that some standards for regulation and control of the registrant, subsequent to the payment of the fee, be provided. If the applicant is merely required to pay a fee and by payment acquires the right to carry on an occupation, without any further conditions, the pecuniary extraction is generally considered a license tax. Tamiami Trail Tours, Inc. v. City of Orlando,120 So.2d 170 (Fla. 1960). The judiciary has also required the regulatory fee to be reasonably commensurate with the actual expense of issuing the regulatory license and the cost of regulation. See Atkins v. Phillips, 8 So. 429 (Fla. 1890); 21 Fla. Jur. License and License Taxes s. 9; 23 Fla. Jur. Municipal Corporations ss. 129 et seq. The activity or vocation subject to regulation must first be affected with a public interest and then regulated in a manner reasonably necessary to preserve the public interest based on: [W]hether it [ordinance] has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition adversely affecting the public good. City of Miami v. Kayfetz, 92 So.2d 798,801 (1957). See also Maxwell v. City of Miami, 100 So. 147 (Fla. 1924); City of Miami v. Shell's Super Store, 50 So.2d 883 (Fla. 1951). Although this office must leave the factual determination of whether a particular extraction is a regulatory fee or a license tax to the judiciary, I can conclude that where said extraction meets the regulatory fee definition, s. 166.221, F. S., authorizes a municipality to levy the "fee" upon a person who does not maintain a permanent business location or branch office within the municipality as required by s. 205.042, F. S., for a municipality to impose an occupational license tax for revenue purposes.