The Honorable Larry Winkler Mayor of Dunnellon Post Office Box 430 Dunnellon, Florida 32630
Dear Mayor Winkler:
On behalf of the City of Dunnellon, you ask substantially the following question:
May the city pass an ordinance limiting the number of days that a bingo operator may operate an establishment to five days a week?
In sum:
The city may by ordinance limit the operation of bingo games at a particular facility to five days a week.
The courts have recognized that the state may exercise greater control and use of its police power in the area of gambling or gaming.[1] The conduct of bingo games, which is a form of gambling,[2] has been limited by the Legislature to certain charitable groups. The authority of the Legislature to regulate this type of gambling has been recognized by the courts.[3] The state, therefore, could impose and restrict the number of days bingo may be played.
Article VIII, section 2 of the Florida Constitution and its implementing legislation, Chapter 166, Florida Statutes, grant broad home rule powers to municipalities in this state.[4] Section166.021, Florida Statutes, provides that the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except on certain enumerated subjects. One such restriction is that a municipality cannot legislate on any subject expressly preempted to the state or county government by the Constitution or by general law.[5]
A review of section 849.0931, Florida Statutes, and its history indicates that the regulation of bingo is not currently preempted to the state. There is no language in chapter 849, Florida Statutes, or section 849.0931, Florida Statutes, specifically preempting regulation of this area to the state. Moreover, an examination of the history of the bingo statute indicates that the field historically has not been fully occupied by state regulation. The court, in Jordon Chapel Freewill Baptist Church v. Dade County,[6] recognized the authority of local governments to enact legislation dealing with bingo as long as the Legislature has not indicated otherwise.
While the state does not appear to have preempted this area, any local regulation cannot be in conflict with state law. Thus, a municipality may not authorize what the state has prohibited or prohibit what the state has authorized.[7] To the extent that a municipal ordinance does conflict with the state law, it must necessarily fail.[8] For example, in State v. South County Jewish Federation,[9] the court held that state law allowed groups that are authorized to conduct bingo two days a week to sublease (under certain conditions) the space to other groups to conduct bingo games on other days of the week. The local government, therefore, was precluded from enacting an ordinance that would have prohibited a legitimate organization from sub-leasing its space to other qualified organizations.
A review of the current statute indicates that it contains no language that would conflict with the provision you propose. The fact that multiple-day bingo must be allowed does not mean that legitimate time and place restraints cannot be imposed by the municipality to avoid the commercialization of bingo operations. Additional support for the position that time and place restrictions are legal can be found in the case of Curtis v. Hutchingson,[10] in which the court analyzed the gaming regulations and found a time regulation to be valid.
A municipality cannot impose time and place restrictions in such a manner as to prohibit an operator from conducting bingo in the manner permitted under the statute. However, while restricting the number of days gambling may be conducted to five days might limit the number of times an operator may sublease the facility, it would not prevent such subleases. An operator would still be able to sublease the premises for the playing of bingo on days the operator was not going to conduct bingo games, as long as the combined number of days of bingo activity does not exceed the municipality's limit.
Therefore, I am of the opinion that a municipality may enact an ordinance limiting the operation of bingo games at a facility to five days a week. Such an ordinance is not preempted by state law nor does it conflict with the state statute regulating bingo.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983).
[2] See, Perlman v. State, 269 So.2d 385, 387 (Fla. 4th DCA 1972).
[3] Carroll v. State, 361 So.2d 144 (Fla. 1978). Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665,669 (Fla. 1970), has its authority to entirely prohibit gaming.
[4] City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981).
[5] See, s. 166.021(3(c), Fla. Stat. (1993). And see, City of Miami Beach v. Rocio Corp., supra.
[6] 334 So.2d 661 (Fla. 3d DCA 1976).
[7] Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); City of Miami Beach v. Rocio Corp., supra.
[8] Jordan Chapel Freewill Baptist Church v. Dade County,334 So.2d 661 (Fla. 3d DCA 1976). The test for determining whether a conflict exists is whether one must violate one provision in order to comply with the other.
[9] 491 So.2d 1183 (Fla. 4th DCA 1986).
[10] 170 So. 134 (Fla. 1936).