## MOYER v. DEWEY.

1. The right to sue for and subject to the payment of his debts, effects fraudulently transferred by a party who was subsequently adjudicated a bankrupt, is vested alone in his assignees, and their failure to enforce it within the time prescribed by the bankrupt law does not transfer that right to his creditors.

2. A discharge in bankruptcy is personal to the party to whom it is granted.

ERROR to the Court of Appeals of the State of New York. The facts are stated in the opinion of the court.

*Mr. Samuel Hand* and *Mr. Matthew Hale* for the plaintiffs in error.

*Mr. James E. Dewey, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The complaint filed by the defendants in error in the Su preme Court of the State is in the nature of a bill in chancery against the plaintiffs in error and Clinton Eldredge. It charges that the complainants severally recovered judgments in the proper courts against said Eldredge, on which executions were issued and returned *nulla bona.* It then charges, giving the details of the transaction, that the defendants held certain real estate, the title of which was conveyed to them by Eldredge, without consideration and with intent to defraud his creditors. The defendants answer separately and deny the fraud. They also attempt to protect themselves under the discharge of Eldredge in bankruptcy, and as the only question cognizable in this court turns upon this part of the defence, which is more fully set up in the answer of Betsey Moyer than in that of Henry, so much of the answer as refers to this matter is here given verbatim:—

"And the said defendant, upon her information and belief, alleges that on or about the seventeenth day of August, 1868, at Buffalo, in the State of New York, the United States District Court held in and for the Northern District of the State of New York duly made an order and a decree discharging the defendant Clinton Eldredge of and from all his debts, of all of which proceedings in the said court in bankruptcy for such

discharge the said plaintiffs and their said assignors, and each of them, had due notice; that the pretended indebtedness, if any such existed or ever did accrue, accrued prior to the filing of the petition of the said Clinton Eldredge for his discharge from such debts in the said United States District Court, and prior to the granting of such discharge, and that the said indebtedness and the said several claims, if any such exist or ever existed, were such as were provable against the estate of the defendant Clinton Eldredge in the proceedings in which said discharge was granted, and were not, nor was any part thereof, created in consequence of any defalcation as a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity, and he is, therefore, discharged therefrom, and from all liability thereon, and the said plaintiffs are precluded and debarred from enforcing or attempting to enforce the same."

It will be observed that nothing is here said of an assignee in bankruptcy, nor of the right of the assignee, if one existed, to the property conveyed by Eldredge to the defendants in fraud of his creditors. The obvious purpose of this plea is to show that Eldredge's debts to the plaintiffs were discharged, and that they could not, therefore, maintain this suit on such indebtedness. Nor does it appear in any part of the record that the assignee's rights were considered by either the plaintiffs or the defendants, nor was he made a party to the suit.

The case was sent, under the practice of the New York courts, to a referee, and on his report a judgment was rendered in favor of the plaintiffs, which was affirmed in the Court of Appeals. With the general question of fraud in the matter this court can have nothing to do. It appears by the report of the referee that the transaction was fraudulent as charged. It also appears that the judgments against Eldredge set up as the foundation of this suit, although founded on debts existing prior to his discharge in bankruptcy, were confessed by him subsequently thereto, and that, though a defendant in this suit, he, by failing to answer, waives the benefit of the discharge. Under these circumstances, we concur with the opinion of the Court of Appeals, that so far as the discharge itself is concerned, its only effect is personal to him, and does not avail to

release the defendants in this suit from liability for the fraud committed by them.

But we have decided at this term, in *Trimble* v. *Woodhead* (102 U. S. 647), in a case very similar in some of its aspects to this, that the right to bring such an action as this — the right to the property so fraudulently conveyed — is vested in the assignee alone, and that his failure to sue within the two years allowed by the bankrupt law does not transfer this right of property or right of action to a creditor of the bankrupt.

If, therefore, in the present case it had been made to appear by the record properly before the Court of Appeals that an assignee had been appointed, and he had properly qualified and accepted such appointment, we do not see how the plaintiffs could have recovered judgment for the value of the property.

The Court of Appeals of New York take the ground, in their opinion, distinctly, that neither the appointment of an assignee in bankruptcy, nor the existence of any rights in such assignee, nor any defence having reference to such rights, is set up in the answer. And in this opinion we concur.

When the case went to the referee the defendants offered certified transcripts of the proceedings in the District Court, which showed the appointment of the assignee, the assignment to him made by the register, and the discharge of Eldredge. The plaintiffs objected to the admission of these papers in evidence, on the ground that they were not set up in the answer, either according to the statute or in pursuance of the common-law rule.

The referee, while he admitted the papers in evidence, did not, among his finding of facts, which were thirty-four in number, find that the assignee had been appointed, or an act of appointment made by the register. He did, however, find that Eldredge had been duly discharged of his debts. It is probable that he received the transcript objected to as evidence of the validity of Eldredge's discharge, but not as evidence of the assignment, which was not set out in the pleading.

The question whether the assignment, and the rights of the assignee under it, were so set up in the answer as to admit the evidence of them, or whether, on the other hand, the defendants relying, as they seem to have done, solely on the

principle that Eldredge's discharge inured to the benefit of the defendants, can now avail themselves of the transcripts, is one dependent very largely on the practice of the courts of the State. The Court of Appeals rests its decision on the ground that the pleading does not set out or rely on the assignment or on the rights vested by it in the assignee, and it says very justly, that if any such issue had been made, the plaintiffs might have had a sufficient reply, which they were not called on to produce as the pleadings stand.

We concur with that court in holding that the existence of an assignee, or of any right of such assignee to the property or the claims asserted in this suit, is not raised by this record.

*Judgment affirmed.*