SOUTHERN LUMBER AND SUPPLY COMPANY, APPELLANT, v. TERRELL C. VERDIER AND LENA E. VERDIER, HIS WIFE, APPELLEES.

1. When the answer is confined to such facts as are necessarily required by the bill and those inseparably connected with them forming a part of one and the same transaction, it is responsive to the bill as well when it discharges as when it charges the defendant.

2. When a cause is set down for hearing upon bill, answer and replication by agreement of the parties before the expiration of the three months allowed by the statute for the taking of testimony, the allegations of the answer responsive to the bill will be taken as true, but such allegations are to be considered according to their legal import.

3. The rule as to making an answer evidence in favor of the defendants when a case is heard on bill, answer and replication requires that it should not only be responsive, but direct, positive and unequivocal.

4. Purchases of real or personal property, made during coverture, by the wife of an insolvent debtor from him are justly regarded with suspicion, and she cannot prevail in contests between his creditors and herself, involving their rights to subject property so acquired to the payment of

his debts, unless the presumption that it was not paid for out of her separate estate be overcome by affirmative proof, and she must be held to full, clear and strict proof.

5. In a suit to set aside a conveyance made by a husband to his wife as fraudulent, brought by his creditors whose claims existed at the date of such conveyance, the burden of proving that the consideration for the conveyance was bona fide and proportionate to the value of the land conveyed is upon the wife, and clearer and fuller proof is required than if the transaction had been between strangers.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*D. C. McMullen* (with whom was *J. W. Frazier* on the brief) for Appellant.

*Gunby & Gibbons,* for Appellees.

PARKHILL, J.    This is a creditor's bill in the usual form, filed in the Circuit Court of Hillsborough county, in chancery, on 4th day of February, 1905, by appellant, as creditor of Terrell C. Verdier, to reach and subject to the payment of its debts certain real estate, the legal title to which was in the name of his wife, Lena E. Verdier.

I.    It is insisted that the court erred in finding the answer of defendants responsive to the bill of complaint. The bill alleges that "prior to the rendition of the judgment, but after the indebtedness upon which the same

was rendered had accrued, to-wit: on the 23rd day of May, A. D. 1903, defendant Terrell C. Verdier, being then insolvent made a pretended conveyance in fee of said described real estate to one Andrew Jackson Youngblood for the pretended consideration of thirteen hundred ($1300.00) dollars, and on the 25th day of May, A. D. 1903, the said Andrew Jackson Youngblood conveyed the same in fee to Lena E. Verdier, the wife of said Terrell C. Verdier, and one of the defendants heretofore named for the pretended consideration of thirteen hundred and twenty-five ($1325.00) dollars.

"Your orator further represents that the said conveyance was not real, but was a mere sham, made with intent to defraud your orator out of its just demands; that no consideration was paid by the said Andrew Jackson Youngblood to the said Terrell C. Verdier, or by the said Lena E. Verdier to the said Andrew Jackson Youngblood for the said conveyance," &c., &c.

The bill prayed: To the end that the said Terrell C. Verdier and Lena E. Verdier, his wife, who are made parties defendant to this bill, may be required upon their several and respective corporal oaths and according to the best and utmost of their several and respective knowledge, remembrance, information and belief, full, true, direct and perfect answer make to all and singular the matters and things hereinbefore stated and charged as fully and particularly as if the same were here again repeated and they severally thereto interrogated, and *especially* that they may each set forth and state *the facts* and *circumstances* attending the said *conveyance,* the amount of money actually paid thereon by the said Andrew Jackson Youngblood, to the said Terrell C. Verdier and the said Lena E. Verdier to the said Andrew Jackson Youngblood and how and in what manner the payments

were or were to be made, from *whence* the said Lena E. Verdier *derived* the funds with which to make said purchase, and the purpose of said conveyance."

After stating the conveyance of the described real estate by the defendants to Youngblood and by Youngblood to Lena E. Verdier, the answer alleges "that the said conveyance was made for the purpose of putting the title to the land described in the complainant's bill of complaint in the name of the defendant Lena E. Verdier, and that the said Youngblood was only used for the purpose of transferring the title to said property from the defendant Terrell C. Verdier, to the defendant Lena E. Verdier, and for no other purpose."

The defendants, in their answer, then deny that the said conveyance was a mere sham, &c., and answer further "that the transfer of the title to the real estate described in the complainant's bill of complaint from the defendants Terrell C. Verdier to the said Lena E. Verdier was for a valuable consideration and a then existing claim of the said Lena E. Verdier against the said Terrell C. Verdier," and then the answer sets forth more fully the nature of the consideration for the transfer of the title to the real estate and of the existing claim of Lena E. Verdier against Terrell C. Verdier, as follows:

"These defendants further answering say that in the Spring of 1903, that they were the owners of a certain tract of land in Washington's subdivision in the city of Tampa on which they resided as their home place and that on or about the 3rd day of April A. D. 1903, the said defendant, Terrell C. Verdier, sold the same to W. L. Hanks for the sum of twenty-two hundred dollars, and that this defendant, Lena E. Verdier, did not want to sign the deed and execute the papers to convey the said property to the

38 S. C.

574        SUPREME COURT OF FLORIDA.

South. Lumber & Supply Co. v. Verdier et al.—Opinion of Court.

said W. L. Hanks, but that the said Terrell C. Verdier promised and agreed with her that he would turn over to her the money derived from the sale of the said property so that she would have it for her own use, if she would sign the deed to the said property, as they were getting a good price for said property; that afterwards the defendant Terrell C. Verdier, having use for said money told the defendant Lena E. Verdier, that if she would let him have the money that he would convey to her. the property described in the complainant's bill of complaint, together with lots one and two of block nine of Allice Kelley's subdivision, on which property there were at that time mortgages for twelve hundred dollars; that the said Terrell C. Verdier used the said money and that in carrying out said agreement, the said Terrell C. Verdier conveyed to the defendant the said lands described in the complainant's bill of complaint, and also lots one and two of Block nine as aforesaid."

We think that the answer as far as it goes is responsive to the bill. One says there was no consideration, the other responds there was a consideration and explains what that consideration was. Nalle & Co. v. Lively, 15 Fla. 130.

When the answer is confined to such facts as are necessarily required by the bill and those inseparably connected with them, forming a part of one and the same transaction, it is responsive to the bill as well when it discharges as when it charges the defendant. Maxwell v. Jacksonville Loan and Improvement Co., 45 Fla. 425, 34 South. Rep. 255. The effect of this answer as evidence in favor of defendants will be considered hereafter in this opinion.

II.   The other ground of contention is that the court erred in finding the equities with the defendants because

"the answer shows that the transaction was not bona fide, but was a voluntary conveyance in fraud of the rights of the appellant, or without adequate consideration.

This cause was set down for hearing upon bill, answer and replication by agreement of the parties before the expiration of the three months allowed by the statute for the taking of testimony, and the allegations of the answer responsive to the bill will be taken as true, but it must be further observed that facts set forth in an answer and considered as true are to be considered according to their legal import. Maxwell v. Jacksonville Loan and Improvement Co., *supra.* The rule as to making an answer evidence in favor of the defendants when a case is heard on bill, answer and replication, requires that it should not only be responsive, but direct, positive and unequivocal. Kellogg v. Singer Manf'g Co., 35 Fla. 99, 17 South. Rep. 68. We think the answer of the defendants in its allegation of the bona fides of the transaction and the consideration for the conveyance fall far short of being direct, positive and unequivocal. It is not at all clear from the allegations of the answer that the $2200 received from the sale of the "home place," and which she paid her husband for the other real estate, was not a gift to Mrs. Verdier from her husband. It is not shown how the defendants owned the "home place." It is not alleged to have been the homestead of the husband, exempt under the law from the payment of his debts. We cannot tell from the answer whether the "home place" was a half acre of land in the city or a much larger tract of land. Neither is it shown that Mrs. Verdier's interest in the "home place" was a dower's right therein, or that her dower right therein

was a fair equivalent for the other land which Mrs. Ver-
dier received therefor from her husband.

Purchases of real or personal property, made during
coverture, by the wife of an insolvent debtor are justly
regarded with suspicion and she cannot prevail in con-
tests between his creditors and herself, involving their
rights to subject property so acquired to the payment of
his debts, unless the presumption that it was not paid
for out of her separate estate be overcome by affirmative
proof, and she must be held to full, clear and strict proof.
Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653. It
nowhere appears from the answer whether the money
which T. C. Verdier received from his wife for the real
estate conveyed to her was a consideration proportionate
to the value of the land conveyed. The value of the latter
is not stated.

In a suit to set aside a conveyance made by a husband
to his wife as fraudulent, brought by his creditors whose
claims existed at the date of such conveyance, the burden
of proving that the consideration of the conveyance was
bona fide and proportionate to the value of the land con-
veyed is upon the wife, and clearer and fuller proof is
required than if the   transaction   had   been   between
strangers.   Claflin v. Ambrose, 37 Fla. 78, 19 South. Rep.
628; McTeers v. Perkins, 106 Ala. 411, 17 South. Rep.
547.

The facts as they appear from the record before us are
that the complainant recovered a judgment against the
defendant T. C. Verdier for $158.25 on the 28th day of
May, A. D. 1903. Only two or three days before the re-
covery of the judgment, but after the indebtedness upon
which the judgment was rendered had accrued, the de-
fendant Terrell C. Verdier, being insolvent, made a con-
veyance to his wife through a third party of the real

estate described in the bill of complaint and which appears to be all the property the defendant possessed subject to the payments of his debts. The money which it is alleged was paid for the property was realized from the sale of the home place under the circumstances already mentioned. This money was never turned over to the wife but was kept and used by the husband who afterwards conveyed to her his other real estate as we have seen. Taking the history of the transaction as stated in the answer, yet the complainant is entitled to the benefit of all admissions in the answer, and he is at liberty to draw any legitimate inference from those statements even though it be to establish the existence of fraud in the face of the general denials of the answer. Yost v. Hudiburg, 2 Lea (Tenn.) 627, text 630; Robinson v. Stewart, 6 Seld. (N. Y.) 189; Berry v. Winter, 28 Ga. 602; Sayre v. Fredericks, 16 N. J. Eq. (1 E. C. Green) 205. The answer in the instant case fails to show that the consideration for the conveyance to the wife was bona fide and adequate. By this transaction the husband transfers all his property to his wife and the property of the husband which was liable to the payment of his just debts is withdrawn from the claims of his creditors.

Without saying more we think the answer was not sufficient to authorize the decree for the defendants.

The decree is reversed and the case remanded with directions that such further proceedings be had as may be in conformity with equitable principles, and with this opinion.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.