THE FLORIDA NATIONAL BANK OF GAINESVILLE *et al., Appellants,* v. J. W. SHEROUSE, *Appellee.*

Opinion Filed June 24, 1920.

Petition for Rehearing Denied October 14, 1920.

1.  The findings of a Chancellor upon the evidence will not be disturbed unless such findings are clearly shown to be erroneous; but if a decree is manifestly against the weight of the evidence or contrary to the legal effect of the evidence, then it becomes the duty of the appellate court to reverse such decree.

2.  In the very nature of the case, fraudulent intent must usually be shown by circumstantial evidence, and circumstances altogether inconclusive if separately considered may, by their number and joint consideration, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof.

An Appeal from the Circuit Court for Alachua County; J. T. Wills, Judge.

Decree reversed.

*E. G. Baxter,* for Appellants;

*W. S. Broome,* for Appellee.

REAVES, Circuit Judge.—J. W. Sherouse, whom we shall herein call the complainant, filed his bill in the Circuit Court for Alachua County against the Florida National Bank of Gainesville and the Sheriff of said county, alleging that a described sixty acres of land, the property of complainant, was about to be sold on execution to satisfy

a judgment recovered by the Florida National Bank against C. C. Sherouse.

The prayer of the bill is that the threatened sale of said lands be temporarily and permanently enjoined.

The bank answered, admitting that it had recovered and then held a judgment against C. C. Sherouse for the sum of $2,630.80, and denying that the complainant was the owner of the described lands, but, on the contrary, alleging that said lands were the property of C. C. Sherouse and that two certain deeds thereof, the one made by C. C. Sherouse to his brother, L. A. Sherouse, and the other by L. A. Sherouse to their father, J. W. Sherouse, the complainant, were fraudulent and void as against the bank which was a creditor of C. C. Sherouse before said deeds were executed.

Whether or not said conveyances are fraudulent and void as against the said bank, the judgment creditor of C. C. Sherouse, is the ultimate question presented by the record. The Chancellor found for the complainant, and permanently enjoined the sale of the property under the said judgment. In view of said finding we have hesitated to reverse the decree because of the well-recognized principle of law that the findings of a Chancellor on the evidence will not be disturbed by the appellate court unless said findings are clearly shown to be erroneous. But if a decree is manifestly against the weight of the evidence or contrary to the legal effect of the evidence then it becomes the duty of the appellate court to reverse the same. Newman v. Smith, 77 Fla. 667, 82 South. Rep. 236; Boyd v. Gosser, 78 Fla. 70, 82 South. Rep. 758.

A very careful study of this case leads us to conclude that the decree is contrary to the legal effect of the evi-

dence as disclosed by the record. It appears that C. C. Sherouse was an employee for many years of one A. L. Webb, that in 1912 Webb borrowed money from the bank and C. C. Sherouse endorsed the note, evidencing said loan, that the note was renewed from time to time until Webb finally became insolvent, and on August 17, 1916, he was adjudged a bankrupt. The endorsement of C. C. Sherouse was carried on each renewal of the note, and after the bankruptcy of Webb, Sherouse signed a further renewal as principal debtor, and finally, having failed to pay the note, judgment was recovered by the bank against him on March 5, 1918. On August 3, 1916, C. C. Sherouse conveyed the property in question, consisting of sixty acres of land, about twelve or fifteen acres of which was cleared and in cultivation with a dwelling house above the average in character for the community, and also a barn and out buildings thereon, to L. A. Sherouse. The deed recited a consideration of $2,500.00, and was filed for record December 29, 1916. By deed dated December 28, 1916, L. A. Sherouse conveyed the same lands to their father, J. W. Sherouse, for a stated consideration of $2,500.00, the deed being filed for record February 21, 1918. In neither case. was the true consideration $2,500.00, but the cancellation of alleged indebtedness then existing between the parties. The amount of such indebtedness, if it existed at all, is not definitely shown, but was certainly much less than $2,500.00. J. W. Sherouse testified that he had sold the twenty acres to his son, C. C. Sherouse, several years before. He does not remember the exact date of said sale, but it was before 1910. He further says that his son, C. C. Sherouse, had never paid him but $250.00 on the purchase price, and also that he loaned his son $400.00 at the same time to buy the forty acres. When asked how much C. C. Sherouse was to pay him for the land he said he was not

sure, but it was "about $1,000.00, I think." He further
says that C. C. Sherouse conveyed the property to L. A.
Sherouse with the understanding that L. A. Sherouse
would assume and pay the indebtedness due the complain-
ant, but that L. A. Sherouse, having failed to pay the
same, deeded the land to him, the complainant, in satis-
faction of said indebtedness. In another place the same
witness says that he let C. C. Sherouse have $400.00 to
pay for the forty and thinks he was to pay him "about
$500.00 for the twenty." This witness also says that he
knew C. C. Sherouse had endorsed a note for Webb, and
that he (C. C. Sherouse) owed the bank at the time the
land was conveyed from C. C. Sherouse to his brother,
L. A., and thence to the complainant. C. C. Sherouse tes-
tifies that he had paid his father only $250.00 of the pur-
chase price of the land, and that L. A. Sherouse paid him
(the witness) nothing for the conveyance except that he
had borrowed $250.00 from L. A. Sherouse before that,
and in consideration for the land L. A. Sherouse can-
celled the indebtedness, and also assumed the indebted-
ness of C. C. Sherouse to their father, J. W. Sherouse.
In answer to a question as to the amount of that indebted-
ness he said, "It would be $900.00 less $250.00 or there-
abouts."

L. A. Sherouse did not testify, but J. W. Sherouse and
C. C. Sherouse both say that no written evidence of in-
debtedness or of payment relating to said transactions
at any time passed between any of the parties.

The evidence shows that the buildings on the property
were worth, in 1916, $1,150.00, and that the land, with
the improvements, was worth $2,300.00 or $2,400.00. It
also appears from the evidence that L. A. Sherouse had
no property but was working as a common laborer at odd

jobs, and that C. C. Sherouse had no property except the property in question at the time he made the deed in 1916. He does testify that he now owns a lot worth "about $1000.00" which is encumbered for $700.00, but does not know whether he owned it in 1916 or not.

It further appears that the deeds were witnessed by, and acknowledged before relatives of the grantors and grantees.

There is practically no conflict or consideration in the testimony of the various witnesses. The question before the Chancellor was whether the facts testified to show that the intent or legal effect of the transactions involved was to defraud the creditors of C. C. Sherouse. It seems clear that this inquiry should have been answered by the Chancellor in the affirmative; and, having failed so to do, it becomes the duty of this court to reverse the findings, notwithstanding that the question involved is one partly of fact. In the very nature of the case, a fraudulent intent must usually be shown by circumstantial evidence, and "circumstances altogether inconclusive, if separately considered may, by their number and joint consideration, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof."

Volusia County Bank v. Bigelow, 45 Fla. 638, 33 South. Rep. 704.

There are a multitude of circumstances in this case, which, to say the least, are calculated to create suspicion, and many of which are recognized badges of fraud. Among them are the close relation in point of time of the deed by C. C. Sherouse to his brother, L. A. Sherouse, dated August 3, 1916, to the bankruptcy of Webb, which was adjudged August 17th, 1916; withholding of said deed, and the subsequent deed from the record for a con-

siderable period of time; the recital of a false consideration in each deed; the inadequacy of the actual consideration, assuming it to be true that there was, in fact, about $700.00 due the complainant on the purchase price of said land as testified to; the conveyance by C. C. Sherouse of all or substantitally all his property, and his clear insolvency as a result thereof; no written evidence of indebtedness at any time given nor any written receipts showing payment at any time passing between the parties to the various transactions; the hazy and uncertain testimony of C. C. Sherouse and J. W. Sherouse as to the amount of indebtedness claimed to be owning by the former to the latter; the relationship of the parties and the knowledge each had as to the financial standing of C. C. Sherouse. The uncontradicted facts and circumstances prove fraud.

We deem it unnecessary to accumulate authority in support of our conclusion, but on the question of what constitutes badges of fraud see 20 Cyc. 439 *et seq;* 12 R. C. L. 476 *et seq.*

For the reasons stated, the judgment should be reversed, with directions to the lower court to dissolve the injunction, and dismiss the bill.

Per Curiam.—The record in this case having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein be, and the same is hereby reversed; and the cause is remanded with directions to the lower Court to dissolve the injunction and dismiss the bill.

Browne, C. J., and Taylor, Whitfield, Ellis and West, J. J., concur.