ROSE H. HARKINS v. GEORGE E. HOLT, as Trustee of the Bankrupt Estate of I. E. HARKINS, deceased.

169 So. 481.

Division B.

Opinion Filed July 8, 1936.

Rehearing Denied August 3, 1936.

*Abe Aronovitz,* for Appellant;

*Gautier, Worley & Bouvier,* for Appellee.

BUFORD, J.—This cause now comes before this court on appeal from the final decree rendered in the Circuit Court of Dade County, Florida, overruling all exceptions to the Master's report and ordering the cancellation of certain deeds of record in which the appellant was the grantee, and ordering certain property sold to satisfy a judgment rendered against one I. E. Harkins, appellant's husband, during his life and before his bankruptcy.

On September 16, 1933, the said I. E. Harkins was discharged in bankruptcy; on June 13, 1934, the trustee in

bankruptcy, by authority of the referee in bankruptcy, filed a bill of complaint against Harkins, alleging:

"That the complainant, George E. Holt, is a resident and citizen of Miami, Dade County, Florida, and is over the age of twenty-one years; that he is Trustee in Bankruptcy in that certain cause now pending in the United States District Court, Southern District of Florida, in Bankruptcy, No. 1350, in the matter of I. E. Harkins, Bankrupt; that he was appointed such Trustee by order of said Federal Court on the 30th day of August, A. D. 1933; that by virtue of an order made by said Court on the 18th day of November, A. D. 1933, he was authorized to bring this suit on behalf of the creditors of said Bankrupt, a copy of said order being hereto attached * * *

The Bill further alleged that the purchase of certain property by I. E. Harkins in appellant's name and his name prior to the discharge was fraudulent and that certain conveyances from the said Harkins to his wife, appellant, were without consideration and were for the purpose and intent to deceive and defraud his creditors; that without these assets the defendant was insolvent, and asking the court to set aside these conveyances, declare an equitable lien in favor of complainant against said properties, and that said properties be sold to satisfy said judgment. A motion to dismiss the bill of complaint was overruled, and thereafter the defendant filed her answer, joining issue on the allegations of fraud.

The appellant contends that the cause would have been dismissed on the grounds amongst others "that the said Bill shows affirmatively that the complainant is not entitled to the relief prayed for"; that a state court cannot, subsequent to a final discharge in bankruptcy and ignoring said final discharge, cancel and avoid said conveyance made by the

discharged bankrupt prior to the period of his insolvency, and further, that the trustee could not bring this action because the duties of the referee, as well as his powers, were terminated with the entry of the final discharge, the court itself having the sole power to re-open the cause.

A discharge is personal to the bankrupt, and does not release his fraudulent grantees from liability for fraud committed by them. Robinson, *et al.,* v. Tischler, *et al.,* 69 Fla. 77, 67 So. 565; Moyer v. Dewey, 103 U. S. 301, 26 L. Ed. 394. The discharge of a debtor in bankruptcy in no way precludes the trustee from recovering property of the bankrupt's estate which has been fraudulently transferred. *In re* Pierce (D. C.) 103 F. 64. The property here in question was omitted from the schedule of the bankrupt's assets and was never adjudicated and the final order of discharge would in no way make the claim *res judicata.* See Stephenson v. Bird, 168 Ala. 363, 53 So. 92, Ann. Cas. 1912-B 249 and note.

It has even been held that the reference to whom the cause was originally referred has jurisdiction of a petition to reopen the cause and may make the necessary order. Bilafshy v. Abraham, 183 Mass. 401, 67 N. E. 318. However, it does not appear from the record that the trustee was ever discharged, nor the estate finally administered. The only thing that appears in the record beside the discharge of the bankrupt, which is personal, is that the trustee was given authority to bring this suit by the referee. It follows that when proper authority has been granted to the trustee to enter suit the State Court has still its concurrent jurisdiction and may entertain the suit.

It is further contended that the evidence does not sustain the allegations of the bill of complaint and that the Chancellor erred in entering the final decree thereon.

In a suit by creditors to set aside a conveyance made by a husband to his wife as fraudulent, the burden of proving consideration proportionate to the value of the land conveyed is upon the wife, and clearer and fuller proof is required than if the transactions had been between strangers. Claflin v. Ambrose, 37 Fla. 78, 19 So. 628; Southern L. & S. Co. v. Verdier, 51 Fla. 570, 40 Sou. 678. The burden of proving *bona fides* in such cases is consequently on the wife. In cases of insolvency or of failing circumstances, the presumption of fraud follows the showing of insolvency, regardless of whether the conveyance was voluntary or otherwise, Southern L. & S. Co. v. Verdier, *supra;* Weatherbee, *et ux.,* v. Deckle, 145 So. 199. However, this presumption or inference of fraud is not conclusive but is rebuttable, and when so rebutted and put in equipoise, it is then the duty of the party having the affirmative, upon whose allegations the issues are founded, to go forward with the evidence.

Both the Master and the Chancellor found against the contentions of appellant and, while the evidence as disclosed by the record, is not conclusive, we find substantial support for the findings necessary to support the decree, and, therefore, should not disturb the decree.

Under cross assignments of error appellee contends that the court erred in holding that real property held by a husband and wife as an estate by the entireties could acquire the status of homestead property. That such property so held may become the homestead has been definitely determined by this Court in Oates v. New York Life Insurance Co., 113 Fla. 678, 152 So. 671.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.