ALLEN, Judge.
This is an appeal and a cross-appeal from a final decree in a suit to avoid a conveyance allegedly given to defraud a judgment creditor. Sherry Carter, a minor, by her next friend, Morris Carter, sued Henry A. Tornwall and wife, Mattie M. Tornwall, and Henry E. Tornwall and wife, Suzie L. Tornwall, to have declared void a deed from Henry E. Torn-wall and wife to Henry A. Tornwall and an assignment from said grantors to said grantee of certain mortgages and other property. The basis of the suit was that minor plaintiff had obtained a judgment for damages against Henry E. Tornwall and that said conveyance and assignments were given without consideration for the purpose of preventing plaintiff from collecting said judgment. After hearing testimony, the chancellor granted 'plaintiff the relief sought except as to the cash proceeds of a land sale by defendants to a third party. Defendants appeal and plaintiff cross-appeals.
Plaintiff was injured, on January 26, 1955, by a car driven by Henry E. Torn-wall, and on May 25, 1955, sued to recover her damages. That suit resulted in a $27,500 judgment for plaintiff, the final judgment being entered on November 9, 1955.
*98 On May 20, 1955, Henry E. Tornwall conveyed all his interest in certain real estate, certain mortgages and certain personal property to his father, Henry A. Tornwall. As a result, when plaintiff attempted to collect her judgment, the execution was returned nulla bona.
The present suit was filed January 13, 1956. Plaintiff’s complaint alleged the above facts and then alleged that the May 20, 1955, conveyance was without consideration and was done to defraud her. Defendants’ answer, filed February 6, 1956, denied the essential allegations of the complaint and alleged the conveyances were in good faith and for a valuable consideration.
On April 30, 1956, defendants moved for a “Judgment on Pleadings — Bill and Answer,” upon the ground no testimony had been taken and the time for taking testimony had run. On the same date, plaintiff filed a motion for an extension of time to take testimony, appending affidavits by plaintiff’s father and plaintiff’s attorney to the effect that expenses of treating plaintiff for injuries received when struck by Henry E. Tornwall’s car had so depleted the Carter funds that timely prosecution of the suit had been impossible. On May 15, 1956, the chancellor entered an order denying defendants’ motion and granting plaintiff’s motion.
In further support of the chancellor’s action in granting the motion for an extension of time, plaintiff points out that the chancery suit had been consolidated with a separate action at law to avoid a multiplicity of actions, such law action being a supplementary action to prevent a judgment debtor from concealing his assets, and that, therefore, the chancellor, at the time of the above motions, had before him the mentioned action at law.
The party complaining of abuse of discretion on the part of a circuit judge in extending the time for taking of testimony, has the duty to show a plain abuse of such discretion and the chancellor’s exercise of discretion will not be disturbed by the appellate court, except for clear abuse of discretion. See Glassman v. Deauville Enterprises, Inc., Fla.App.1958, 99 So.2d 641.
We do not find in this record a clear abuse of discretion by the chancellor in granting the extension under the facts in this case.
The case was tried before the chancellor and in his final decree the following findings of fact were made.
“That the Defendant, Henry E. Tornwall, was involved in an accident on the 6th day of January, 1955, in which Sherry Carter was injured and as a result of said accident said Sherry Carter instituted suit against said Henry E. Tornwall on May 25, 1955; that at the time of said accident, said Henry E. Tornwall was the owner of certain real estate and personal property situated in Hernando County, Florida; that said real estate and personal property was owned, together with his father, the Defendant, Henry A. Tornwall, in the proportion of one third ownership by Henry E. Tornwall and two thirds ownership by Henry A. Tornwall; that on the 20th day of May, 1955, with the intent to hinder and delay his creditors, and specifically the Plaintiff, Sherry Carter, the said Henry E. Tornwall and his wife conveyed to Henry A. Torn-wall all of their equities and interest in all the property in Hernando County, Florida. Included in said Deed were certain lands which had, on that same day, been sold to one D. W. Watkins for the consideration of $21,600.00.
“That from the sale of said land, $1,-047.00 was left in escrow for the expenses of sale, but from the remaining $20,533.00, Henry E. Tornwall received $1,000.00 and transferred to Henry A. Tornwall the sum of $5,854 of his share.
“That at the time of such sale to the said D. W. Watkins, the said Henry E. *99 Tornwall was indebted to the said Henry A. Tornwall on an unrecorded mortgage to the extent of $10,000.00. Said mortgage was executed prior to the date of the accident and was a Lien upon the properties mortgaged as between the parties to said mortgage, but that said mortgage had not been recorded on the date of the filing of plaintiff's judgment and plaintiff had no knowledge thereof.
“That, in order to determine the exact extent of the personal property conveyed, it will be necessary to take additional testimony but that the one third interest of Henry E. Tornwall in said real and personal property is subject to the lien of the judgment of Sherry Carter, Plaintiff herein, * * * ”
The decree then declared void the transfer from son to father, declared the mortgage from son to father to be subordinate to the lien of plaintiff’s judgment except as to the $5,865 paid on the mortgage from the proceeds of the sale to D. W. Watkins, and ordered Henry A. Tornwall to account for any personal property transferred to him by his son. Ordinarily a party that alleges fraud must prove it and in setting aside a fraudulent conveyance, the burden of proof rests on the complainant, the presumption being against the existence of fraud. Tischler v. Robinson, 1920, 79 Fla. 638, 84 So. 914. However, where the parties involved in the alleged fraudulent transaction are relatives or close associates of the transferor, such close relationship tends to establish a prima facie case which must be met by evidence on the part of the defendant, and such transactions are regarded with suspicion. Southern Lumber & Supply Co. v. Verdier, 1906, 51 Fla. 570, 40 So. 676; Reel v. Livingston, 1894, 34 Fla. 377, 16 So. 284; Harkins v. Holt, 1936, 124 Fla. 774, 169 So. 481.
The appellant questions the proof in this case of fraudulent intent on the part of the transferee. It has been said that fraudulent intent, from its very nature, must usually be shown by substantial evidence. Such circumstances, although inconclusive, if separately considered, may, by their number and joint consideration, be sufficient to constitute conclusive proof. See Volusia County Bank v. Bigelow, 1903, 45 Fla. 638, 33 So. 704; Florida National Bank of Gainesville v. Sherouse, 1920, 80 Fla. 405, 86 So. 279; and Gibson v. Love, 1851, 4 Fla. 217.
A study of the testimony in this record discloses sufficient evidence which, if believed by the chancellor, was sufficient to predicate his findings of fact thereon. We also are of the opinion that the conclusions of law on the part of the chancellor were sound, and we therefore affirm him.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.