WHITE, Judge.
This is an appeal from a final decree setting aside a deed of conveyance on complaint of the appellee Albert Olsson as judgment creditor of John Nally, the grantor and one of the appellants herein. The other appellants are the wife of John Nally .and his two sisters who were named as grantees in the deed in question. The parties will be designated as they stood in the trial court.
On April 30, 1959 Albert Olsson filed an action for damages for malicious prosecution against John Nally and on October 24, 1959 obtained a verdict on which a $15,000 judgment was entered on November 6, 1959. At the time the said action was instituted against him John Nally held sole title to an unimproved lot in Palm Beach County purchased in 1957, and this lot was his only apparent nonexempt asset.
On August 24, 1959 during the pendency of the action aforesaid John Nally, joined by his wife Susanna Nally, executed a deed conveying the lot in question to John Nally’s two sisters in New York, the defendants Kathleen McCooe and Margaret Bailey. Susanna Nally took the deed to New York early in September 1959 and purportedly received $4500 in cash from the two sisters. At the same time the sisters allegedly took from the Nallys an assignment of a jointly held $7300 mortgage on other property. The record discloses no exhibit of a receipt evidencing the delivery of $4500 cash to the Nallys or either of them.
Following the foregoing transactions in New York Susanna Nally and Kathleen McCooe came to Florida. They testified that they sewed the $4500 cash into money belts in their clothing and that after their arrival Susanna Nally put the $4500 in a strong box in her home together with $6,601.03 which apparently was the consideration for the assignment of the mortgage. The deed conveying the John Nally lot was recorded in the Public Records of Palm Beach County on October 16, 1959. It recited a consideration of $10 and other valuable considerations, and a 20‡ documentary stamp was attached.
After the jury verdict for Albert Olsson was returned against John Nally in the tort action on October 24, 1959, the deed aforesaid was re-recorded on October 30, 1959 with documentary stamps attached indicating a consideration of $4500. It was testified that the deed was re-recorded with the additional stamps at the direction of a New York attorney who was the son of one of the defendant sisters. Susanna Nally and the sisters of John Nally stated that they did not know at that time of the tort action which had been pending for many months against John Nally. The $15,000 judgment against John Nally entered on November 6, 1959 continued unsatisfied and the instant litigation was instituted to set aside the offending deed. The chancellor granted the relief prayed and this appeal ensued.
Inasmuch as Susanna Nally had joined in the deed and claimed the beneficial own *267 ership of the lot, which she asserted had been placed inadvertently in the name of John Nally, she was made a party defendant in the trial court. Her answer pleaded her claim of ownership and alleged a bona fide sale to the sisters of John Nally. The answer of the defendant sisters was a general denial of the allegations of the complaint.
The record is devoid of any cancelled check, closing statement or receipt showing payment by Susanna Nally for the purchase of the lot in the name of John Nally. She attended the closing of the purchase on July 29, 1957, but she stated that she did not realize the deed was in John Nally’s name until December of 1957, at which time she had her name typed in the original deed previously recorded. She did not know the name of the person who did such typing and the deed was never rerecorded. The only documentary exhibit in this connection was a photostat of the unrecorded “amended” deed with the name of Susanna Nally inserted.
The foregoing recitation reflects the factual essence of the case, and from it the chancellor concluded that the transfer of the property in question was not a bona fide transfer to purchasers for value without notice but was a device or scheme by which the defendants collaborated to prevent collection by the plaintiff of his judgment against John Nally. This conclusion necessarily implied findings to the effect that the lot was not held in trust by John Nally for his wife Susanna Nally and that there was no adequate consideration passing in good faith from the sisters.
In the analogous case of Tornwall v. Carter, Fla.App.1958, 106 So.2d 96, the appellant Tornwall was defendant in a suit to set aside an alleged fraudulent conveyance of property by him to his father on May 20, 1955. On May 25, 1955 Tornwall was sued by Carter in an action for damages arising from an automobile collision which occurred on January 26, 1955. That action resulted in a final judgment against Tornwall on November 9, 1955. In the-subsequent suit in equity by Carter against Tornwall the chancellor set aside the conveyance, and this court affirmed. Speaking' through Judge Allen the court said at page-99:
“ * * * Ordinarily a party that alleges fraud must prove it and in setting aside a fraudulent conveyance, the burden of proof rests on the complainant, the presumption being against the existence of fraud. Tischler v. Robinson, 1920, 79 Fla. 638, 84 So. 914. However, where the parties involved in the alleged fraudulent transaction are relatives or close associates of the transferorsuch close relationship tends to establish a prima facie case zvhich must be met by evidence on the part of the defendant, and transactions are regarded with suspicion. Southern . Lumber & Supply Co. v. Verdier, 1906, 51 Fla. 570/40 So. 676; Reel v. Livingston, 1894, 34 Fla. 377,. 16 So. 284; Harkins v. Holt, 1936, 124 Fla. 774, 169 So. 481.” (Emphasis added.)
The appellants in the foregoing case questioned the sufficiency of the evidence to prove fraudulent intent on the part of the transferee. It was noted by the court that fraudulent intent usually must be proved by circumstantial evidence and that such circumstances may, by their number and joint consideration, be sufficient to constitute proof. The court cited Volusia County Bank v. Bigelow, 1903, 45 Fla. 638, 33 So-704; Florida National Bank of Gainesville v. Sherouse, 1920, 80 Fla. 405, 86 So. 279; and Gibson v. Love, 1851, 4 Fla. 217.
In the present case the testimony for the defendants on the issues of good' faith and valuable consideration appeared to the chancellor to be improbable and unbelievable. We find no basis for reversing the conclusion to that effect. The evidence was replete with impelling inferences which fully supported the findings of fact, and the law as exemplified in Tornwall v- *268 Carter, Fla.App.1958, 106 So.2d 96, supra, was correctly applied. The decree appealed will not be disturbed.
Affirmed.
SPIANNON, C. J., and SMITH, J., concur.