139 So.2d 702 (1962)
Dorothy A. MONEY, a Minor, by Her Next Friend and Mother, Dorothy Jeanette Hobbs (Nee Money) and Dorothy Jeanette Hobbs (Nee Money), Appellants,
v.
Coy C. POWELL and Kathleen Powell, His Wife, Appellees.
No. 2458.
District Court of Appeal of Florida. Second District.
April 4, 1962.
Albert P. McIntosh, Jr., J. Russell Hornsby, Orlando, for appellants.
*703 Richard M. Harris, Orlando, for appellees.
ALLEN, Acting Chief Judge.
Appellants, plaintiffs below, are appealing from a final decree in chancery in which the lower court dismissed their amended complaint with prejudice, plaintiffs having announced that they did not desire to amend further.
Plaintiffs filed their amended complaint to set aside alleged fraudulent conveyances of an undivided one-half interest in certain real property from defendant Coy C. Powell to his wife, defendant Kathleen Powell. Said conveyances were alleged to have taken place on October 1, 1958, four days after defendant Coy C. Powell had caused injuries to plaintiffs with his automobile. Plaintiffs recovered a judgment against Coy C. Powell for said injuries on January 22, 1960, in the amount of $17,472.75. Execution issued on the judgment and was returned unsatisfied.
Plaintiffs further alleged that the above conveyances were made without consideration for the purpose and intent to hinder, delay, embarrass and defraud plaintiffs of their tort claim against defendant Coy C. Powell; and that the said Coy C. Powell has retained dominion and control over the property conveyed. The conveyances at issue were made before plaintiffs filed their tort action.
Defendants moved to dismiss the amended complaint and a hearing was held on the motion. Neither plaintiffs nor their counsel appeared at said hearing.
The lower court granted the motion to dismiss, allowing plaintiffs leave to amend within ten days. Plaintiffs moved for entry of a final decree, stating in their motion that they did not desire to plead further but wanted to appeal the lower court's ruling.
Whereupon the lower court entered a final decree dismissing the amended complaint on the grounds "that the Amended Complaint alleges insufficient allegations against said defendants, * * *".
The only question raised by appellant in this appeal is whether or not the aforedescribed complaint is sufficient to allege a cause of action to set aside a fraudulent conveyance made in violation of our fraudulent conveyances statute, § 726.01, F.S.A.
In the case of Tornwall v. Carter, Fla. App. 1958, 106 So.2d 96, we affirmed a decree voiding a transfer of a one-third interest in realty from a son to a father. The complaint in that case was in substance identical to the one filed in the instant case. Though the sufficiency of the complaint was not attacked in Tornwall, inferentially we treated it as valid. See Bacon v. Karr, Fla.App. 1962, 139 So.2d 166, opinion filed March 21, 1962.
In the instant case as in Tornwall, the plaintiff was a tort claimant at the time of the alleged gratuitous transfer from defendant husband to defendant wife. In this state contingent creditors and tort claimants are as fully protected against fraudulent transfers as holders of absolute claims. Weathersbee v. Dekle, 1932, 107 Fla. 517, 145 So. 198; Foster v. Thornton, 1936, 125 Fla. 829, 170 So. 598; Coleman v. Alcock, 5th Cir.1959, 272 F.2d 618.
The legal effect of the complaint herein is an election by plaintiffs to bring suit in equity to remove an alleged fraudulent conveyance as an obstruction to the full enforcement of their judgment lien. This procedure is an approved alternative to either the filing of a creditor's bill or execution and levy on the alleged fraudulently conveyed property. Cowdery v. Herring, 1932, 106 Fla. 567, 143 So. 433, 144 So. 348 and Weathersbee v. Dekle, supra.
Moreover, where the transferee in an alleged fraudulent transaction is a relative or close associate of the transferor, such tends to establish a prima facie case *704 which must be met by evidence on the part of the defendant. Tornwall v. Carter, supra; Southern Lumber & Supply Co. v. Verdier, 1906, 51 Fla. 570, 40 So. 676; Harkins v. Holt, 1936, 124 Fla. 774, 169 So. 481.
By alleging a transfer while litigation was pending or threatened against the transferor, which transfer was made to the transferor's wife without consideration, the transferor retaining dominion and control over the property transferred, plaintiffs have alleged well recognized "badges" of actual fraud, the proof of which has evidentiary force in establishing the fraudulent character of the transfer. Florida Nat'l Bank v. Sherouse, 1920, 80 Fla. 405, 86 So. 279; Cleveland Trust Co. v. Foster, Fla. 1957, 93 So.2d 112; Ostend Realty Co. v. Biscayne Realty & Ins. Co., 1930, 99 Fla. 1221, 128 So. 643; Neal v. Gregory, 1882, 19 Fla. 356; and 15 Fla.Jur., Fraudulent Conveyances, etc. § 12.
By further alleging that said transfer was made for the purpose and intent to hinder, delay, embarrass and defraud plaintiffs of their claim against defendant transferor, plaintiffs have alleged ultimate facts which render the complaint legally sufficient to state a cause of action for setting aside a fraudulent conveyance on the ground of actual fraud. Taylor v. Jones, 1933, 112 Fla. 234, 150 So. 254.
The non-joinder defects in the complaint urged by defendant-appellees in support of affirmance are without merit. Appellees contend that a judgment creditor, in order to maintain a suit in equity to set aside the judgment debtor's fraudulent conveyance of his undivided fractional interest in realty, must join the owner or owners of the other undivided fractional interest as necessary and indispensable parties to the suit. The cases cited by appellees do not support this contention and are readily distinguishable from the instant case. Moreover, assuming such a conveyance be set aside and the property made subject to execution and levy or a judicial sale, it is comprehended in such a situation that an execution creditor can only effect the sale of such interest as is vested in the judgment debtor. See 13 Fla. Jur., Executions § 64 and cases cited.
The amended complaint is sufficient in all essential particulars to state a cause of action in equity for the setting aside of an alleged fraudulent conveyance as an obstruction to the full enforcement of plaintiffs' judgment lien. It was therefore error for the lower court to grant defendants' motion to dismiss and the final decree of dismissal entered thereon is reversed for further proceedings consistent with this opinion.
Reversed.
WHITE and SMITH, JJ., concur.