154 So.2d 706 (1963)
J.C. FRELL and Jeanne V. Frell, his wife, Appellants,
v.
Nancy Joan FRELL, Appellee.
No. 62-542.
District Court of Appeal of Florida. Third District.
June 25, 1963.
Milton M. Ferrell, Miami, for appellants.
Kimbrell & Braswell, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
*707 HENDRY, Judge.
On July 30, 1958, a final decree of divorce was entered by the Circuit Court of Dade County in favor of the plaintiff-appellee, Nancy Joan Frell, and against her husband, Thomas C. Frell. The decree incorporated a "Settlement Agreement" executed by the parties and provided for the support and maintenance of the wife and the payment by the husband of certain insurance premiums and mortgage obligations.
On July 13, 1961, the plaintiff-wife filed a "Motion for Supplemental Final Decree, Impleader and Other Equitable Relief" wherein she stated that Thomas C. Frell was in arrears in his maintenance and support payments; that he had failed to pay the mortgage obligations on her residence resulting in a foreclosure suit being filed against the property and her being required to borrow certain funds to retire the first mortgage; that he had failed to pay certain insurance premiums that had become due; that he had, on May 4, 1961, conveyed certain real property to his brother and sister-in-law, the appellants herein, without consideration and for the fraudulent purpose of defeating and avoiding his obligations to her. By reason of these allegations, the plaintiff sought to implead the appellants, J.C. Frell and Jeanne V. Frell, his wife, and to cancel and set aside the conveyances of real property to them so that said property would be available to satisfy the defendant's obligations to the plaintiff under the divorce decree.
By order of the court, the appellants, J.C. Frell and Jeanne V. Frell, his wife, were impleaded and properly served. An answer was filed by the appellants admitting that the real property in question had been conveyed to them but denying all other allegations.
Prior to the filing of her motion for supplemental final decree, etc., the plaintiff, on June 22, 1961, filed a petition for rule to show cause directed to the defendant, based upon the defendant's failure to comply with the final decree entered July 30, 1958. On August 11, 1961, the chancellor issued a rule to show cause requiring the defendant to appear before the court on August 29, 1961. The defendant appeared and later filed a petition for modification of the final decree, seeking a reduction of monthly maintenance and support payments, due to a change of circumstances.
On September 28, 1961, an "Order of Modification of Final Decree" was entered which modified the maintenance and support payments and entered a judgment for the plaintiff and against the defendant in the sum of $35,862.00. The order recited that the court had heard the testimony of the plaintiff and the defendant as well as argument of counsel for both parties.
Defendant failed to abide by the terms of the order of modification and an "Order of Arrest" was issued against him. Defendant appeared before the court represented by new counsel, and the "Order of Arrest" was set aside.
On May 4, 1962, a hearing was held to determine whether certain conveyances to appellants by the defendant should be set aside. The defendant was not formally notified of this hearing and did not appear. The chancellor after taking testimony from the plaintiff, her expert witness, and the appellant, J.C. Frell, entered an order setting aside the conveyances on the ground that they were fraudulent as to the plaintiff. The chancellor, in said order, found that the conveyances were for no consideration or for a consideration so grossly inadequate as to amount to no consideration at all. The chancellor further found that the conveyances were made to the defendant's brother and his wife with the intent to defraud the plaintiff and to defeat the collection of lawful debts due the plaintiff. It is from this order only that the appellants appeal.
The appellants raise three points on appeal. We will only discuss points one and two, inasmuch as our decision eliminates the need to discuss the third point, to-wit: the defendant's mental capacity to make a valid conveyance.
*708 Point one states that the defendant, Thomas C. Frell, was an indispensable party to the controversy and that the failure to join him as a party deprived the chancellor of jurisdiction to enter the appealed order. We find this contention to be without merit. While there is a recognized conflict of authority as to whether the debtor-grantor is a necessary or indispensable party defendant in an action to set aside a fraudulent conveyance,[1] our Supreme Court has held that he is not. In Hewitt v. Punta Gorda State Bank, 117 Fla. 126, 157 So. 420, the court affirmed an order denying a motion to dismiss a complaint seeking to reach assets of a judgment debtor which were alleged to have been fraudulently conveyed. The court said:
"Under the peculiar parts of the case we hold that persons appearing to be grantors of alleged fraudulent conveyances are not indispensable or necessary parties to a bill of this character, as the decree in the case can affect no right of theirs, unless relief of some character is sought against such grantors."
In our case, the defendant was properly before the court when the judgment was entered against him for $35,862.00, based upon his failure to fulfill his obligations under the divorce decree. The conveyances to the appellants were by warranty deed and the record precludes any possibility that the appellants, as grantees, could proceed against the defendant, as grantor, if the conveyances were set aside. We see no reason for not following the Hewitt decision, supra.[2]
The appellants' second point on appeal challenges the sufficiency of the evidence to support the chancellor's finding that the conveyances were made for no consideration or for a grossly inadequate consideration. It should first be noted that the conveyances were made by the defendant to his brother and sister-in-law three years after the divorce decree had been entered and at a time when defendant was in arrears in his maintenance and support payments and other obligations imposed under the decree.
At the hearing prior to the entry of the appealed order, an expert testified that the property conveyed had a fair market value, in its present condition, of approximately $50,000.00. Counsel for the appellants admitted that he was qualified to testify as an expert. The testimony of the appellant, J.C. Frell, as to the consideration which he had provided in return for these conveyances revealed (1) that said appellant had helped finance the defendant through school from about 1938 to 1944, when the defendant graduated from medical school; (2) that the appellant gave the defendant some furniture to start his practice with; (3) that in 1960 the appellant gave the defendant a $2,000.00 check to pay the defendant's landlord for back rent and (4) that the appellant paid the Internal Revenue Service $400.00 for his brother. The appellant admitted that the Army paid part of the cost of the defendant's medical schooling and that he did not keep track of the dates or the amounts of the payments he made to his brother. The consideration involved was entirely antecedent to the conveyances in question.
This testimony must be viewed in the light of the following language contained in Tornwall v. Carter, Fla.App. 1958, 106 So.2d 96 at page 99:
"Ordinarily a party that alleges fraud must prove it and in setting aside a fraudulent conveyance, the burden of proof rests on the complainant, the presumption being against the existence of fraud. Tischler v. Robinson, 1920, 79 Fla. 638, 84 So. 914. However, where the parties involved in the alleged fraudulent transaction are relatives or close associates of the transferor, such *709 close relationship tends to establish a prima facie case which must be met by evidence on the part of the defendant, and such transactions are regarded with suspicion. Southern Lumber & Supply Co. v. Verdier, 1906, 51 Fla. 570, 40 So. 676; Reel v. Livingston, 1894, 34 Fla. 377, 16 So. 284; Harkins v. Holt, 1936, 124 Fla. 774, 169 So. 481.
"The appellant questions the proof in this case of fraudulent intent on the part of the transferee. It has been said that fraudulent intent, from its very nature, must usually be shown by substantial evidence. Such circumstances, although inconclusive, if separately considered, may, by their number and joint consideration, be sufficient to constitute conclusive proof. See Volusia County Bank v. Bigelow, 1903, 45 Fla. 638, 33 So. 704; Florida National Bank of Gainesville v. Sherouse, 1920, 80 Fla. 405, 86 So. 279; and Gibson v. Love, 1851, 4 Fla. 217."
The foregoing language was quoted with approval in the case of Nally v. Olsson, Fla.App. 1961, 134 So.2d 265.
Further there appears to be ample authority to support the holding that a wife, in respect to her right to maintenance or alimony, is within the protection of the laws which enable a court to avoid conveyances in fraud of persons to whom the grantor is under legal liability.[3]
The testimony of the appellant, J.C. Frell, on the issues of good faith and valuable consideration was vague and largely unsupported. It was the duty of the chancellor to weigh this testimony against the testimony of the appellee and her expert witness, with due consideration being given to the particular circumstances surrounding the conveyances in question. The chancellor's findings of fact and conclusions of law come to us with a presumption of correctness and will not be disturbed unless they are clearly erroneous. We find that the appellants have failed to carry their burden of clearly demonstrating error and the order appealed should be and is hereby affirmed.
Affirmed.
NOTES
[1] See Annot., 24 A.L.R.2d 395.
[2] See also Bank of Commerce & Trusts of Richmond, Va. v. McArthur, 256 F. 84 (5th Cir.1919).
[3] See Blount v. Blount, 231 Miss. 398, 95 So.2d 545, 96 So.2d 232, 97 So.2d 240, Annot. 79 A.L.R. 421.