PER CURIAM.
The parties to this suit are two ex-wives and their errant consort. Appellant was the first wife of Appellee F. O. Mullen. Appellee Ruth V. Causey was the second wife. Both marriages were dissolved in appropriate proceedings. In 1939, when Appellant severed connections with F. O. Mullen, they entered into a property settlement agreement which provided, among other things, that Appellee F. 0. Mullen would pay $70.00 per month as permanent alimony to Appellant. There were other provisions not material to this appeal. The Appellees were married to each other in 1940. Shortly thereafter Appellee F. O. Mullen disposed of many of his holdings and reinvested the proceeds variously. Among the investments was a 10-acre citrus grove, title to which was taken in the name of Appellees, as husband and wife. Many years transpired and in 1959 Appellant sought and secured a judgment for $2,856.60 as past-due alimony payments, interest and attorney’s fees allowed. (The actual alimony deficiency was $2,310.00.) Mullen, by this time, was not as affluent as he had been in 1940, so Appellant was-unable to collect on her judgment. The orange grove still remained in the name of the two Appellees as man and wife. In an attempted levy move Appellant sought to reach the equities in the orange grove,, but was thwarted by the fact that title was held and had been held for all the years as an estate by the entireties. In September, 1962, Appellees were divorced and Appellant then proceeded to levy against the equities in the grove held by the Exchange National Bank in Winter Haven,. Florida. The Bank ultimately paid Appellant one-half of the moneys they held but refused to pay the balance under the-theory that the one-half interest was claimed by Ruth V. Causey, formerly Ruth V. Mullen. Appellant then brought this action in the lower court attempting to garner the remaining one-half of the funds-on the grounds that Appellee Causey had, in fact, no interest in the grove and thus, the resultant money. Appellant alleged that Appellee Mullen placed the title in the estate by the entireties status in an effort to avoid payment under the 1940 separation-agreement. The agreement had been made a part of a Circuit Court proceeding in the same circuit in 1959 when Appellant had obtained the judgment against F. O. Mullen for $2,856.60. Appellee Causey filed answer denying the pertinent charges and claimed the 1959 proceedings made the matter res judicata. Motions were made *919 by both Appellant and Appellee Causey for summary decrees on the pleadings, affidavits and a frequently mentioned “tender” of the record of the 1958-59 action in which judgment was obtained, together with subsequent proceedings supplemental. (The record on appeal does not reveal that the said case was actually physically offered as a part of the preliminary proceedings in this cause, although some portions have been included. See Atlas Land Corporation v. Norman, 1934, 116 Fla. 800, 156 So. 885.) The lower court held hearings upon the motions and did deny the summary decrees sought, saying “Consideration has been given by the Court as to all pleadings, affidavits, depositions, briefs, etc., offered by the parties in support of their respective motions. In this the Court has also examined the court file in case #13421 in the Circuit Court ■of Polk County, Florida, as offered and requested by counsel for the parties.” Subsequently, by final decree, the lower court -denied the relief sought by Appellant, and -directed release of the moneys to Appellee Causey. This appeal followed.
Appellant would pose the point that when ■opposing parties file opposing motions for summary decree and each, in thrusting "their motions, claim there is no issue of material fact, the Court must:
a. Rule for one or the other.
b. Accept Appellant’s posture of intentional fraud and ignore the denial of same by Appellees.
.Appellant further contends that:
1. When counsel for both sides request the receipt by the Court of the record of a prior case, the trial court is bound to so receive and admit the prior recorded ■case as a part of the case under consideration.
2. Any transaction which voluntarily and without consideration places property ■ or money in the name of the marital. estate • or that of the current wife should be voidable for the benefit of the pre-existing creditor (prior wife with alimony contract).
The trial court’s duty in all cases is to see that justice is reached, not to dispose of cases. The position of opposing counsel, each seeking summary decree and each alleging a lack of material issues of fact, is not necessarily the same. The approach is not from the same starting position. They each contend there is no genuine issue of material fact which is contrary to their client’s case. Thus there may well be considered to be that material issue of fact. The lower court considered, and we agree, that summary decree was not proper under the circumstances of this case. There was the issue of fraud, alleged and denied. There was also the issue of the type of creditor Appellant was at the time of the vesting of title to the orange grove.
Appellant’s contention as to the mandatory reception of a previous case record into the record of currently active litigation is, of course, falacious. The admission of this type of evidence is subject to all the limitations of any proffered evidence. It must be material and relevant. The lower court, as set forth in the order denying summary decree, had reviewed the older file and was familiar with the contents and import. The Trial Judge’s refusal to admit was not error.
Appellant’s theory that the 1940 vesting of title as an estate by the entirety was fraudulent and intended to defeat the former wife’s alimony demands is not borne out by the record. There is no showing that Appellee Mullen was delinquent in alimony payments at that time or at any specified time until the 1959 judgment was sought. The record reveals that Appellee Mullen had cash and property worth more than $100,000 at the time of the purchase of the orange grove. The grove cost $20,000. There is no showing that any other property or money was placed in the new wife’s name or in the new marital *920 estate’s name. All that the trial court had before it was Appellant’s repeated claim of foul play with nothing to support the claim except an admission that the grove had been purchased without contribution by Appellee Causey.
From all of the record, as submitted, there appears no basis for application of the prima facie rule set forth in Southern Lumber & Supply Co. v. Verdier, 1906, 51 Fla. 570, 40 So. 676; Tornwall v. Carter, Fla.App.1958, 106 So.2d 96, and other cases cited by Appellant.
Affirmed.
ALLEN, C. J., PIERCE, J., and FLYNN, ROGER D., Associate Judge, concur.