PER CURIAM.
This is an appeal by the defendants from a final decree in favor of the plaintiff, The Gerry Corporation.
The Gerry Corporation, as the assignee of Benedict Silverman, filed an amended complaint in which it was alleged that Sil-verman entered into an agreement with the defendants wherein the defendants were guaranteed that certain mortgages which they had purchased would be repaid according to the terms of the agreement and that certain lands which they had acquired through foreclosure would be sold for not less than a certain amount. Pursuant to the agreement the defendants, as trustees, took possession of certain assets of Silver-man and became vested with title thereto in a fiduciary capacity. Subsequently, Silver-man sold and assigned all of his rights and interests under the agreement, and in the assets referred to therein, to the Gerry Corporation whose position as assignee has been recognized by the defendants. It was further alleged that the defendants had jointly and severally been guilty of breaches of the agreement which constituted breaches of the fiduciary relationship due plaintiff.
The plaintiff prayed that the court require the defendants to account for monies received under the agreement and if as a result of the accounting the court should find that the defendants have wrongfully exercised the power of trustees and made improper disbursements that restoration be required and the trustees be removed. Plaintiff also requested reimbursement for all costs, charges, expenses and attorney’s fees for prosecution of the suit.
The answer admitted the withdrawal of certain funds from the trusts assets but denied that such constituted breaches of a fiduciary relationship or that any sums were wrongfully or improperly expended. It was further admitted that the action in withdrawing funds was taken after careful and deliberate consideration and examination of all rights, title and obligations of said guarantee agreement.
In part, the chancellor found that in the management and disposition of the trust properties and in the performance of their duties under the agreement the defendants wrongfully exercised the powers conveyed to them and have been guilty of misfeasance and malfeasance. Further, that the defendants have made improper expenditures for which they are obligated to account to the plaintiff, and that the equities are with the plaintiff.
The chancellor decreed that the defendants be removed as trustees and that the defendants, jointly and severally, pay the successor trustee the sum of $23,727.94 which sum constitutes those items improperly and wrongfully paid by the defendant to themselves or others, or wrongfully charged against the assets in their hands, or paid arbitrarily and without authorization under the trust. The chancellor also decreed that the plaintiff is entitled to recover from the defendants the reasonable value of its attorney’s fees together with costs and reasonable accounting fees.
The defendants contend that the findings of the chancellor are clearly erroneous. It is argued that there is no evidence in the record to substantiate the findings that the defendants were guilty of misfeasance and malfeasance, that, while their right to the withdrawals may be questioned, the fact that they were made under the relationship existing between the parties and upon prior advice of counsel does not evidence bad faith. The defendants also contend that the allowance of attorney’s fees is erroneous where the acts complained of are not done in bad faith.
The chancellor’s findings of fact and conclusions of law come to us with a presumption of correctness and will not be disturbed unless clearly erroneous.[1] Aft *301 er an examination of the record and briefs, we conclude that there is substantial evidence to support the chancellor’s findings, and that the defendants have failed to clearly demonstrate that substantial error was committed.
Accordingly, the decree appealed is affirmed.

. Frell v. Frell, Fla.App.1963, 154 So.2d 706.